PER CURIAM.
 

 In October 1981 appellee Orville Hansen filed this Chapter 11 bankruptcy proceeding. In November 1981 appellant First National Bank of Tekamah filed a petition in bankruptcy court seeking adjudication of its rights as a secured creditor of Hansen. The bankruptcy court, in July 1982, dismissed the complaint and entered judgment for Hansen.
 

 The bank appealed the judgment to the district court
 
 [1]
 
 pursuant to 28 U.S.C. § 1334. On December 21, 1982, the district court affirmed the bankruptcy court’s ruling in part and remanded to the bankruptcy court for additional factual findings. On December 23, 1982, the district court of Nebraska adopted Local Rule 51 to allow the continued operation of the bankruptcy courts in light of
 
 Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,
 
 - U.S. -, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
 

 On February 10, 1983, the district court denied the bank's motion for reconsidera
 
 *729
 
 tion. The district court pursuant to Local Rule 51 remanded the case to itself for a de novo trial on the remaining factual issue and referred the case to the bankruptcy court for its recommendation. The bank appealed the orders of December 21, 1982, and February 10, 1983, and Hansen moved to dismiss this appeal for lack of a final appealable order. We stayed the implementation of the judgment of the district court pending appeal.
 

 We agree with appellee that this appeal must be dismissed as interlocutory. This court has held that district court orders of remand are not final appealable orders.
 
 See, e.g., Giordano v. Roudebush,
 
 565 F.2d 1015 (8th Cir.1977);
 
 Transportation-Com. Div.
 
 v.
 
 St. Louis-San Francisco Ry. Co.,
 
 419 F.2d 933 (8th Cir.1969).
 

 Appellant argues the appeal is not interlocutory because the district court lacked jurisdiction over the case after December 24, 1982. We reject appellant’s argument and conclude that
 
 Marathon
 
 did not invalidate 28 U.S.C. § 1471(a) and (b) and even if it did, the jurisdictional grant, 28 U.S.C. § 1334, remains effective during the post-
 
 Marathon
 
 transitional period. Further, we find that Local Rule 51 is constitutional and valid.
 
 In re: Braniff Airways, Inc.,
 
 27 B.R. 231 (D.C.N.D.Tex.1983),
 
 aff’d In the Matter of: Braniff Airways, Inc.,
 
 700 F.2d 214 (5th Cir.1983); In
 
 re Color Craft Press Ltd.,
 
 27 B.R. 962 (D.Utah 1983);
 
 In the Matter of Northland Point Partners,
 
 26 B.R. 860 (D.C.E.D.Mich.1983).
 
 See also In re Keene
 
 Corp., - U.S. -, 103 S.Ct. 1237, 75 L.Ed.2d 470 (1983) (mandamus denied). Therefore, we hold that the district court had jurisdiction and its order of remand to itself for further findings was proper and in accordance with Local Rule 51.
 

 Accordingly, the appeal is dismissed and the stay is dissolved unless extended by the district court.
 

 [1]
 

 . The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska.