**CHERRY CREEK HANOVER, INC., Plaintiff,**

v.

**Denton S. HOOPER, Defendant.**

**Bankruptcy No. 83 C 4509.**

United States District Court, N.D. Illinois, E.D.

July 6, 1983.

Michael Wm. Davis, Ellen Beverley, Daniel M. Pelliccioni, Lee Ann Watson, Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., for plaintiff.

Paul E. Freehling, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Debtor Cherry Creek Hanover, Inc. ("Hanover") has appealed from the May 11, 1983 order of Bankruptcy Judge Richard Merrick (the "Order") dismissing the adversary action brought by Hanover against Denton Hooper ("Hooper"), 83 A 123, for lack of jurisdiction. Hooper has cross-appealed from a different portion of the Order.

Judge Merrick's Order was one of several born of his intemperate and ill-advised attack (*In re Wildman*, 30 B.R. 133 [Bkrtcy. 1983] mem. op.) on the response of the federal judiciary to *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In Judge Merrick's perception the universe is out of step with him, and if any judges (including the Justices of the Supreme Court) have the temerity to disagree with his analysis they are viewed as having entered into a massive conspiracy to subvert the Constitution.[1] Suffice it to say that this Court does not share Judge Merrick's skewed vision, instead adhering to the conclusion shared by so many other courts that the virtually identical rules adopted by the federal courts in response to *Northern Pipeline* (including this District Court's December 20, 1982 rule and further rules implementing that rule) are constitutional and valid. *See, e.g.* (referring only to cases that have reached

---

1. Judge Merrick's sprawling opinion in *Wildman* voices the recurring theme that he is a judge of principle, while all who take the opposite position on the merits are not. Yet there are current reports that he has agreed in selected cases (apparently some in which he has a substantial background of rulings, making retention of the cases sensible in purely pragmatic terms) not to raise the jurisdictional issue sua sponte if counsel do not. Lack of subject matter jurisdiction—if it exists in fact—is of course non-waivable. Conspiracies to suppress jurisdictional flaws are exactly what Judge Merrick is charging. It would be instructive to have an explanation of why any such conspiracy in which Judge Merrick is reportedly himself a participant (if his own premise of lack of jurisdiction is accepted) somehow reflects action in accordance with principle.

Courts of Appeals or the Supreme Court), *First National Bank of Tekamah, Neb. v. Hansen,* 702 F.2d 728 (8th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); *In re Braniff Airways, Inc.,* 700 F.2d 214 (5th Cir.1983), *cert. denied sub nom. American Airlines, Inc. v. Braniff Airways, Inc.,* —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed. 1302 (1983); *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254 (6th Cir.1983); *In re International Harvester Co.* (N.D.Ill. Dec. 20, 1982), *mand. denied,* —— U.S. ——, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983); *In re Emergency Bankruptcy Rule 1* (S.D.N.Y. Dec. 21, 1982), *mand. denied sub nom. In re Keene Corp.,* —— U.S. ——, 103 S.Ct. 1237, 75 L.Ed.2d 470 (1983); *In re Doan* (S.D.N.Y.1983), *mand. denied,* —— U.S. ——, 103 S.Ct. 1534, 75 L.Ed.2d 954 (1983).[2]

Accordingly the portion of the Order dismissing this action for lack of jurisdiction is reversed, while the portion sustaining all pre-May 6, 1983 orders as valid is affirmed. This action is reinstated and remanded for decision by Bankruptcy Judge Sidney Toles, to whom the entire Hanover bankruptcy proceeding, 82 B 17049, has been reassigned from Judge Merrick.[3]

---

**2.** This Court is of course aware of several decisions by bankruptcy judges—and one by a District Judge, *In re Matlock Trailer Corp.,* 27 B.R. 311 (Bkrtcy.M.D.Tenn.1983)—that share Judge Merrick's view on the merits, though not necessarily his intemperateness of expression in *Wildman.* See Norton and Lieb, *For Life . . . . Congressional Options for Bankruptcy Jurisdiction* 20 nn. 18–19, in *Fourteen Years or Life: The Bankruptcy Court Dilemma* (National Legal Center for the Public Interest, 1983).

**3.** This order is based on Judge Merrick's erroneous determination that this District Court's December 20, 1982 rule is invalid. Accordingly it is without prejudice to Judge Toles' determination in the first instance as to whether or not that rule empowers him to deal with these proceedings or requires him to transfer them to this Court.