In re JOHNS–MANVILLE CORPORA-
TION, et al., Debtors

KEENE CORPORATION,
Plaintiff-Appellant,

v.

JOHNS–MANVILLE CORPORATION, et
al., Defendants-Appellees.

No. 83 Civ. 1744 (PNL).

United States District Court,
S.D. New York.

July 21, 1983.

Anderson, Russell, Kill & Olick, P.C., Arthur S. Olick, Irene C. Warshauer, Marcy Louise Kahn, Laurence Y. Solarsh, New York City, for plaintiff-appellant.

Davis, Polk & Wardwell, Miriam G. Cedarbaum, New York City, and Levin & Weintraub & Crames, New York City, for defendants-appellees Johns-Manville Corp., et al.

Moses & Singer, Robert J. Rosenberg, Shelly Rothschild, New York City, for the Committee of Asbestos-Related Litigants and/or Creditors.

## OPINION AND ORDER

LEVAL, District Judge.

Keene Corporation appeals from an order of the Bankruptcy Court denying its motion for summary judgment and an injunction. In numerous lawsuits throughout the country alleging that plaintiffs have been poisoned by asbestos, Keene is named as a co-defendant with Johns-Manville Corporation and has asserted claims for indemnity or contribution against Johns-Manville. Since the Manville companies filed in the

bankruptcy court, all such proceedings have been stayed insofar as they seek relief against Manville. In the bankruptcy court Keene sought either a lifting of the stay of such actions against Manville, or alternatively an extension of the stay to forbid the prosecution of such actions against Keene without Manville participating. The bankruptcy judge denied the application. Keene appeals. Keene charges that the Bankruptcy Court erred in denying such relief. Keene also contends that the Bankruptcy Court is without power to act after the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

The appeal is denied. Under 28 U.S.C. § 1471(a) and (b), as well as under 28 U.S.C. § 1334 until its expiration in April 1984, *see* Pub.L. No. 95–598, 92 Stat. 2667, § 402(b), the district court has jurisdiction of the bankruptcy proceeding. (I see no merit to Keene's argument that the grant of jurisdiction to the district court under § 1471(a) and (b) must fall if the grant to the Bankruptcy Court under (c) violates the Constitution.) The district court has delegated the exercise of its bankruptcy jurisdiction to the bankruptcy judges under the emergency bankruptcy rules adopted in every district. *See* S.D.N.Y. Emergency Bankruptcy Rule I. Furthermore, the exercise of powers here under review is far narrower than that at issue in *Marathon. See White Motor Corp. v. Citibank N.A. (In re White Motors),* 704 F.2d 254 (6th Cir. 1983); *First National Bank of Tekamah v. Hansen (In re Hansen),* 702 F.2d 728 (8th Cir.1983); *In re Braniff Airways,* 700 F.2d 214 (5th Cir.1983), *cert. denied,* —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

Although it is difficult to discern what proposition was espoused by a majority of the Supreme Court in *Marathon* which can be considered its *holding,* it is quite clear that *Marathon* does not present an obstacle to the present actions of the bankruptcy judge, acting under the Emergency Rule,

where jurisdiction is lodged in the District Court under one of the surviving statutory sources noted above.

The bankruptcy judge's refusal to grant the relief sought was proper. The pendency of thousands of asbestos claims against the debtor, lodged as separate proceedings in innumerable courts, is a textbook example of the kind of threat for which the automatic stay provision was designed. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47, 55 (2d Cir.1976) (The stay "is designed to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.") The bankruptcy judge will undoubtedly seek to design, with the cooperation of the claimants and the debtor, procedures for the adjudication or settlement of those claims in a rational consolidated fashion, whether in the bankruptcy court or elsewhere. Although Keene no doubt suffers some disadvantage from the stay of action against Johns-Manville, in that respect its plight is no different from that of any other claimant. In fact, if the bankruptcy administration succeeds in husbanding more of the Manville assets for its creditors, rather than its lawyers, Keene will ultimately be better off.

As to the contention that the bankruptcy court should have stayed asbestos plaintiffs from pursuing their actions against Keene during the stay of the actions against Manville, I doubt the existence of such a power in this court or any other.

The order of the Bankruptcy Court is affirmed. The clerk is directed to close the case.