**In re J.F. PAINTING CONTRACTORS OF FLORIDA, INC., Debtor.**

**Bankruptcy No. 83–271–BK–T.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 11, 1983.

William Zewadski, Tampa, Fla., for creditor.

Albert Lima, Dale Vash, Tampa, Fla., for debtor.

ALEXANDER L. PASKAY, Chief Judge.

## ORDER ON MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

This is a Chapter 11 reorganization case and the matter under consideration is a Motion to Dismiss the Chapter 11 case, filed by Great Southwest Corporation (Great

Southwest). The Motion is based on the contention of Great Southwest that by virtue of the decision of the Supreme Court in *Northern Pipeline Construction Co., Inc. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court lacks subject matter jurisdiction, therefore, the entire case should be dismissed, particularly because the Emergency Model Rule as adopted in this District as a Local Rule under which this Court now functions is unconstitutional and invalid. ·

Particularly, it is the contention of Great Southwest that neither Sections 28 U.S. 1331 nor 1334 furnishes any statutory basis for the exercise of jurisdiction by a United States District Court over matters of bankruptcy, consequently it lacks power to delegate jurisdiction it does not possess to the Bankruptcy Courts.

This last contention, advanced for the first time by counsel, is novel and has not been raised previously. It is based on the proposition that Section 405 of Title IV of the Bankruptcy Reform Act of 1978, Public Law 95–598, 92 Stat. 2549, effectively removed any jurisdiction over matters in bankruptcy on the trial level from the United States District Courts, and if there is any jurisdiction left with the District Courts, it is only appellate jurisdiction, pursuant to the provisions of Section 238 of 11 U.S.C., an amendment of 28 U.S.C. 1334 by the Bankruptcy Reform Act of 1978, P.L. 95–598, 92 Stat. 2549.

In support of this last contention, counsel for Great Southwest cites *In the Matter of International Horizons, Inc.,* 689 F.2d 996 (11 Cir.1982), in which the Circuit Court of Appeals for the Eleventh Circuit noted in a footnote that by virtue of Section 405(c)(2) of the Bankruptcy Reform Act, 28 U.S.C. § 1334, as amended by the Bankruptcy Reform Act, is operative even during the transition period and the jurisdiction of the district courts granted by 28 U.S.C. 1334 is only appellate jurisdiction and lacks power to function as a trial court in matters of bankruptcy during the transition period. Counsel for Great Southwest, therefore, contends that the District Court lacks the power to promulgate Local Rules on the subject of bankruptcy.

Reliance of counsel on this statement in the footnote in the case cited is misplaced. First, the statement was mere dictum and had no meaningful relevance to the issues which were involved in that particular case. *International Horizons* involved only the question of the jurisdiction of the Court of Appeals to review an interlocutory order of the Bankruptcy Court. This being the case, it is evident that *International Horizons, supra* furnishes scant, if any, support for this newly advanced contention of counsel for Great Southwest.

This leaves for consideration the additional contention of counsel for Great Southwest to the effect that since the District Court lacks the jurisdiction, it equally lacks power to promulgate the Emergency Rule as a Local Rule. The validity of the Emergency Model Rule has been challenged repeatedly, but so far every Court of Appeals which was presented with this issue rejected the challenge. *White Motor Corp. v. Citibank, N.A.,* 704 F.2d 254, 8 C.B.C.2d 274 (6th Cir.1983); and *Coastal Steel Corp. v. Tilghman,* 709 F.2d 190 (3d Cir.1983). Any attempt to obtain a review from the Supreme Court by way of certiorari was equally unsuccessful and so far all Petitions for the Writ were denied. *In re Braniff Airways, Inc.,* 700 F.2d 214 (5th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983); *First National Bank of Tekamah, Nebraska v. Hansen,* 702 F.2d 728, 10 B.C.D. 280 (8th Cir.) *cert. denied,* —— U.S. ——, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983).

This Court is not aware of any decision which considered the validity of the Model Rule in this Circuit. It should be noted, however, there are several appeals pending at this time the question of this Court's jurisdiction. Thus, unless a challenge on the validity of the Emergency Model Rule is sustained in this district, either by a District Court or a Court of Appeals, this Court is constrained to uphold the validity of same, even though its validity is questionable and doubtful. *See* Vern Countryman,

"Emergency Rule Compounds Emergency,"
57 *Bankruptcy Law Journal* (Winter 1983).

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-
CREED the Motion to Dismiss for Lack of
Subject Matter Jurisdiction of this Chapter
11 case be and the same is hereby denied.