In re INLAND MANUFACTURING COMPANY, a/k/a Inland Automatic, Debtor.

Merle NICOLA, Plaintiff,

v.

BARCLAYSAMERICAN/BUSINESS CREDIT, INC., et al., Defendants.

No. CV 85-0-708.
BK 83-075.

United States District Court,
D. Nebraska.

June 20, 1986.

Harry Dixon, Omaha, Neb., for BarclaysAmerican/Business Credit, Inc.

Douglas Quinn, Omaha, Neb., for trustee.

James P. Fitzgerald, Omaha, Neb., for Continental Plants Co.

## ORDER

BEAM, Chief Judge.

This matter is on appeal from an order of the Bankruptcy Court wherein the Bankruptcy Court dismissed the adversary proceeding to recover a fraudulent conveyance brought pursuant to 11 U.S.C. §§ 548 and 544(b) for lack of subject matter jurisdiction. The Bankruptcy Court held that 28 U.S.C. § 157(b)(2)(H) was an unconstitutional grant of power to the Bankruptcy Court. The Court, after a review of the issues, finds that the order of the Bankruptcy Court dismissing the adversary proceeding should be reversed. The Court further finds that it should, on its own motion, withdraw the adversary proceeding from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d). The Court finds that it should then refer the adversary proceeding to the Bankruptcy Court for trial after which the Bankruptcy Court shall submit proposed findings and conclusions of law to this Court pursuant to 28 U.S.C. § 157(c)(1).

## DISCUSSION

This Court finds that the Bankruptcy Court was without power to enter a final order on the issue of the constitutionality of 28 U.S.C. § 157(b)(2)(H). *See Crowell v. Benson*, 285 U.S. 22, 46, 54–60, 63–64, 52 S.Ct. 285, 290, 293–96, 297, 76 L.Ed. 598 (1932). Such action appears to be beyond the grant of any power by Congress to the Bankruptcy Court. Therefore,

the Court shall reverse the Bankruptcy Court's order dismissing the case.

 The Court shall construe the defendants' motion to dismiss as an objection to the jurisdiction of the Bankruptcy Court. The objection to the trial of this adversary proceeding to set aside a fraudulent conveyance is based upon the belief that Article III of the Constitution of the United States precludes the Bankruptcy Court from entering a final order in this instance. Such an order, it is argued, violates the defendants' constitutional right to have its private rights determined by an Article III tribunal. The concerns of the defendants are well taken since the Bankruptcy Act's fraudulent conveyance section displaces a traditional fraudulent conveyance suit actionable under state law. *See* 11 U.S.C. §§ 548 and 544(b). *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 70–71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598; *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 585, 105 S.Ct. 3325, 3335, 87 L.Ed.2d 409 (1985). *Crowell*, 285 U.S. at 38–40, 52 S.Ct. at 287–88. *See also* 4 *Collier on Bankruptcy*, ¶¶ 547.01, 548.01 (15 ed.1986). As a result, this Court shall upon its own motion withdraw reference of the adversary proceeding from the Bankruptcy Court for cause shown pursuant to 28 U.S.C. § 157(d).

However, in order to effect a prompt resolution of the merits of these claims, the Court shall refer the adversary proceeding to the Bankruptcy Court for trial after which the Bankruptcy Court shall submit proposed findings and conclusions of law to this Court pursuant to 28 U.S.C. § 157(c)(1). Thereafter, this Court, an Article III tribunal, shall enter a final order. This reference to the Bankruptcy Court is fully consistent with Article III requirements. *United States v. Raddatz*, 447 U.S. 667, 682–84, 100 S.Ct. 2406, 2415–16, 65 L.Ed.2d 424 (1980). *See also In re Colorado Energy Supply Inc.*, 728 F.2d 1283 (10th Cir.1984); *In re Kaiser*, 722 F.2d 1574 (2d Cir.1983); *Coastal Steel v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190 (3d Cir.), *cert. denied*, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983). *White Motor Corp. v. Citibank, N.A.*, 704 F.2d 254 (6th Cir.1983); *In re Hansen*, 702 F.2d 728 (8th Cir.), *cert. denied*, 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); *In re Braniff Airways, Inc.*, 700 F.2d 214 (5th Cir.), *cert. denied*, 461 U.S. 944, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).

Accordingly,

IT IS ORDERED as follows:

1. The order of the Bankruptcy Court dismissing the case A85–73 for lack of jurisdiction should be and hereby is reversed.

2. The case A85–73 should be and hereby is withdrawn from the Bankruptcy Court pursuant to 28 U.S.C. § 157(d).

3. The case A85–73 should be and hereby is referred to the Bankruptcy Court for trial after which the Bankruptcy Court shall submit proposed findings and conclusions of law to this Court pursuant to 28 U.S.C. § 157(c)(1).