FAGG, Circuit Judge.
 

 Vekco, Inc. (Vekco), a chapter 11 debtor, appeals a district court decision reversing a final order of the bankruptcy court and remanding the case back to the bankruptcy court for further proceedings. In response, the Federal Land Bank of Omaha (Federal Land Bank) asserts this court is without jurisdiction to consider Vekco’s appeal because the district court’s decision does not constitute a “final decision” for purposes of appellate jurisdiction.
 
 See
 
 28 U.S.C. § 158(d). We agree and thus dismiss Vekco's appeal.
 

 On October 27, 1983, Vekco filed a chapter 11 bankruptcy petition. On August 14, 1984, the bankruptcy court rejected a variety of objections raised by the Federal Land Bank to Vekco’s amended plan of reorganization and confirmed Vekco’s plan. The bankruptcy court’s order resolved fully the merits of the controversy between Vekco and the Federal Land Bank.
 

 
 *745
 
 On appeal to the district court, the court properly recognized that the bankruptcy court order constituted a final order for purposes of appeal to the district court. Thus, the district court had jurisdiction to consider the Federal Land Bank’s appeal.
 
 See
 
 28 U.S.C. § 158(a);
 
 see also by contrast In re Olson,
 
 730 F.2d 1109 (8th Cir.1984);
 
 In re Leimer,
 
 724 F.2d 744 (8th Cir.1984);
 
 In re Bestmann,
 
 720 F.2d 484 (8th Cir.1983) (in each of which the district court incorrectly concluded the decision of the bankruptcy court was interlocutory in nature and on that basis declined jurisdiction and dismissed the appeal).
 

 In its appeal to the district court, the Federal Land Bank raised a variety of separate and distinct challenges to the bankruptcy court’s order. The district court, rather than resolve fully the merits of the bank’s appeal, addressed only two (or possibly three) of the issues presented and then remanded for further proceedings. In fact, in light of the need for remand, the district court expressly declined to address many of the issues raised by the bank. Following remand, Yekco filed its appeal with this court.
 

 This court’s jurisdiction over bankruptcy matters is limited to “final decisions, judgments, orders, and decrees” of the district court. 28 U.S.C. § 158(d). Further, assuming any exceptions to this finality requirement may exist, none is applicable in this case.
 
 See, e.g., In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 803 (1st Cir.1985);
 
 In re Alchar Hardware,
 
 730 F.2d 1386, 1388-89 (11th Cir.1984);
 
 In re Leimer,
 
 724 F.2d at 745 n. 2. Thus, the jurisdictional issue to be resolved is a narrow one: Is the district court decision reversing and remanding the bankruptcy court’s final order itself a final appealable decision?
 

 As a general rúle, a final decision is one that disposes of the specific controversy or claim “on the merits and leaves nothing for the court to do but execute the judgment.”
 
 In re TCL Investors,
 
 775 F.2d 1516, 1519 (11th Cir.1985) (quoting
 
 Catlin v. United States,
 
 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945)). Because a decision requiring remand to the bankruptcy court often anticipates further judicial activity that is likely to affect the merits of the controversy, a district court decision involving remand normally will not be considered final for purposes of appeal to this court.
 
 See In re Fox,
 
 762 F.2d 54, 55 (7th Cir.1985);
 
 In re Martinez,
 
 721 F.2d 262, 265 (9th Cir.1983);
 
 In re Hansen,
 
 702 F.2d 728, 729 (8th Cir.) (per curiam),
 
 cert. denied,
 
 463 U.S. 1208, 103 S.Ct 3539, 77 L.Ed.2d 1389 (1983).
 

 This is particularly the case when the district court, rather than resolve the merits of the controversy, remands the case either for further factual development,
 
 see, e.g., In re Stanton,
 
 766 F.2d 1283, 1287 (9th Cir.1985);
 
 In re Hansen,
 
 702 F.2d at 728-29, or for other significant judicial activity involving the exercise of considerable discretion,
 
 see In re TCL Investors,
 
 775 F.2d at 1518 (citing
 
 In re Regency Woods Apartments, Ltd.,
 
 686 F.2d 899 (11th Cir.1982)). By contrast, however, a decision requiring remand may be considered final if the district court has effectively resolved the merits of the controversy,
 
 see In re Martinez,
 
 721 F.2d at 265, and on remand all that remains “is a purely mechanical, computational, or in short, ‘ministerial’ task, whose performance is unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand,”
 
 In re Fox,
 
 762 F.2d at 55.
 

 Here, we have little trouble concluding the district court decision does not constitute a final decision for purposes of appeal. In remanding, the district court did not resolve the merits of the controversy, leaving only ministerial tasks to be performed by the bankruptcy court. Rather, the district court specifically anticipated that the bankruptcy court would further develop the record and would exercise considerable discretion in resolving the issue remanded to it. Then, following remand, the district court would be in a position to resolve finally and fully all issues raised by the Federal Land Bank in its appeal.
 

 
 *746
 
 Because no final decision has been entered by the district court on the Federal Land Bank’s appeal, we have no jurisdiction to consider Vekco’s appeal. Consequently, Vekco’s appeal is dismissed.