In Re Gailen **SCHNEIDER** and Linda Schneider, Debtors.

Gailen **SCHNEIDER** and Linda Schneider, Appellants,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, FARMERS HOME ADMINISTRATION, Appellees.

No. 88–5182.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1989.
Decided May 4, 1989.

**1156**

Joseph A. Vogel, Jr., and Colette M. Bruggman, Mandan, N.D., for appellants.

Cameron W. Hayden, Asst. U.S. Atty., Bismarck, N.D., for appellees.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and WATERS,* Chief District Judge.

MAGILL, Circuit Judge.

Gailen and Linda Schneider (the Schneiders), chapter 12 debtors, appeal a district court decision reversing a final order of the bankruptcy court and remanding the case back to the bankruptcy court for further proceedings. On reviewing the case, we find ourselves without jurisdiction to consider the Schneiders' appeal because the district court's decision is not final for purposes of appellate jurisdiction. *See* 28 U.S. C. § 158(d). We therefore dismiss *sua sponte.* 8th Cir.R. 12(a).

## I.

The Schneiders, who farm near Hebron, North Dakota, owed the Farmers Home Administration (FmHA) $240,238.03 on six loans bearing various interest rates. Some time before the Schneiders filed their chapter 12 bankruptcy petition, the FmHA consolidated the loans and wrote them down to a limited resource rate of 5%. *See* 7 U.S.C. §§ 1934(a), 1923(a)(4). The Schneiders' chapter 12 reorganization plan called for payments to the FmHA based on a forty-year amortization and at the 5% variable limited resource rate in effect at the time of filing the petition. In a confirmation order dated December 28, 1987, the bankruptcy court approved the 5% variable interest rate as the discount rate on the FmHA's secured claim, finding that the suggested rate met the requirement that "the value, as of the effective date of the plan of property to be distributed under the plan on account of an allowed secured claim, is not less than the allowed amount of such claim." 11 U.S.C. § 1225(a)(5)(B)(ii).

The FmHA appealed the decision of the bankruptcy court to the district court, contending that the bankruptcy court should have approved a 10% prevailing market rate rather than a 5% variable contract rate. The district court reversed, holding that "a floating or variable interest rate would not meet the present value requirements of the Bankruptcy Code since the present value could not be calculated as of the effective date of the plan if the discount rate was to become variable." D.Ct. op. at 4. The district court remanded to the bankruptcy court with directions to determine an appropriate fixed discount rate.

The Schneiders now appeal the district court's decision, arguing (1) that a variable interest rate is appropriate for purposes of the present value rule, *see* 11 U.S.C. § 1225(a)(5)(B)(ii), and (2) that the FmHA is not entitled to more than its contract rate of interest. The FmHA responds by arguing that the district court erred in not awarding the prevailing market rate and that the district court's decision barring variable interest rates was correct.

## II.

The district court has jurisdiction to review appeals from final bankruptcy court orders. 28 U.S.C. § 158(a). This court has jurisdiction of all "final decisions, judgments, orders and decrees" entered by the district court reviewing final bankruptcy court orders. *Id.* § 158(d); *In re Vekco,* 792 F.2d 744 (8th Cir.1986). The issue is narrow: is the district court decision reversing and remanding the bankruptcy court's order a final appealable decision?

A panel of this court addressed the same issue in *Vekco.* We view *Vekco* as controlling with respect to our jurisdiction. After setting out the general principle that a decision is final when it disposes of the controversy on the merits, the *Vekco* court went on to apply that principle to bankruptcy:

Because a decision requiring remand to the bankruptcy court often anticipates

* The HONORABLE H. FRANKLIN WATERS, Chief Judge, United States District Court for the Western District of Arkansas, sitting by designation.

further judicial activity that is likely to affect the merits of the controversy, a district court decision involving remand normally will not be considered final for purposes of appeal to this court.

This is particularly the case when the district court, rather than resolve the merits of the controversy, remands the case either for further factual development, or for other significant judicial activity involving the exercise of considerable judicial discretion.

792 F.2d at 745 (citations omitted).

The rule that a decision requiring remand is not a final order for purpose of appellate jurisdiction is not without exception. The *Vekco* court pointed out that a decision requiring remand is final if the decision has effectively resolved the merits of the controversy, leaving only purely mechanical computations to be dealt with on remand. *Id.* This court recently applied this exception in a case addressing the issue of whether a quarterly fee provision applied to a debtor's pending case. *See In re Prines,* 867 F.2d 478 (8th Cir.1989). The court in *Prines* exercised jurisdiction, finding that the district court decision was final because on remand the bankruptcy court would simply review required reports and assess appropriate fees as provided by statute—tasks which do not involve substantial discretion.

In the current case, as in *Vekco,* we conclude that the district court decision is not final for purposes of section 158(d). The district court remanded to the bankruptcy court with instructions to determine the proper fixed discount rate to be applied to the FmHA's secured claim. This determination is not "a purely mechanical, computational, or in short, 'ministerial' task, whose performance is unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand." *In re Vekco,* 792 F.2d at 745, quoting *In re Fox,* 762 F.2d 54, 55 (7th Cir.1985). Rather, the determination of a proper fixed discount rate is a factual inquiry involving the consideration of several factors to determine a rate which is reasonable in light of the

risks involved. *United States v. Doud,* 869 F.2d 1144 (8th Cir.1989). On remand, the bankruptcy court will further develop the record and exercise considerable discretion in determining the appropriate rate. Only then will the district court be in a position to resolve finally and fully all issues raised by the Schneiders and the FmHA.

Because the district court's order remanding the case to the bankruptcy court is not final, we have no jurisdiction to consider this appeal. Consequently, the Schneiders' appeal is dismissed without prejudice. *See* 8th Cir.R. 12(a).