LAY, Circuit Judge,
dissenting.
I respectfully dissent. Because there is no final order of the district court we lack jurisdiction to address the merits of this appeal.
The district court affirmed the bankruptcy court’s denial of the trustee’s motion to dismiss and remanded the ease for further proceedings. The order is interlocutory and not appealable under 28 U.S.C. § 158(d). The parties did not seek certification from the district court under 28 U.S.C. § 1292. It should also be clear that the order is not appealable under the collateral order doctrine. If necessary, the issue involved here will remain reviewable at the conclusion of the case.
The majority justifies an exception to the final order doctrine because the parties may expend resources in what might later become a “futile” effort. If this were the proper test, every interlocutory ruling by a district court that an appellate court might regard as erroneous could be immediately appealed. Thus, *1291 if an appellate court would believe the district court wrongly denied a Rule 12(b)(6) motion, the court could entertain the appeal on the basis of futility and practicality. Such an approach ignores our disfavor of piecemeal appeals.
By relying on In re Christian, 804 F.2d 46 (3d Cir.1986), the majority rejects the final order rule of this circuit and adopts an approach rejected by most other circuits. In Christian, the Third Circuit considered whether it had jurisdiction to consider a creditor’s appeal from a district court order that affirmed the bankruptcy court’s denial of the creditors’ motion to dismiss the debt- or’s bankruptcy petition under 11 U.S.C. § 707(b). The court concluded it had jurisdiction, reasoning that “[i]f the order ... is not now appealable the entire bankruptcy proceedings must be completed before it can be determined whether they were proper in the first place.” Id. at 48.
The Christian court expressly relied on In re Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir.1982). In Marin, the Third Circuit held that “when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court’s order is also a final order.” Id. at 449. The Marin court therefore concluded it had jurisdiction to review a district court’s order that reversed the bankruptcy court’s denial of the motion of the creditors committee to intervene. Id.
However, in In re Riggsby, the Seventh Circuit analyzed the risk and harm of piecemeal appeals, and rejected Marin, adopting the contrary “very sensible]” holding of other circuits “that remands by the district court to the bankruptcy judge are not ap-pealable ... where the bankruptcy judge [is the decision-maker].” 745 F.2d 1153, 1155 (7th Cir.1984). Judge Posner in Riggsby appropriately noted this court’s decision in In re Hansen, 702 F.2d 728 (8th Cir.1983) (per curiam), where we held we had no jurisdiction to consider an appeal of the district court’s decision that reversed the bankruptcy court’s dismissal of a secured creditor’s complaint against the debtor. See also In re Vekco, Inc., 792 F.2d 744 (8th Cir.1986) (holding the district court’s decision was not a final, appealable decision in a Chapter 11 case where the decision reversed the bankruptcy court’s order that had disposed of the case).
The Fifth Circuit considered the question of a remand order’s appealability in In re Greene County Hosp., 835 F.2d 589 (5th Cir.1988). That court rejected Marin’s rationale and followed Riggsby and held that a district court’s order affirming the bankruptcy court’s conclusion that it had subject matter jurisdiction was not a final order. Id. at 594-96.
Other circuits have also rejected the Third Circuit approach that the majority adopts today. Compare In re St. Charles Preservation Investors, Ltd., 916 F.2d 727, 729 (D.C.Cir.1990) (adopting Riggsby and holding that “a district court order remanding a case to bankruptcy court for significant further proceedings is not final in the 28 U.S.C. § 158(d) context”); In re Dixie Broadcasting, Inc., 871 F.2d 1023, 1028 (11th Cir.1989) (questioning Christian and Marin and noting that “[t]his Circuit has consistently held that a district court order remanding the case to the bankruptcy court is not a final decision for purposes of appeal.”); In re Gould & Eberhardt Gear Machinery Corp., 852 F.2d 26, 29 & n. 2 (1st Cir.1988) (expressly rejecting Marin and adopting Riggs-by to hold that “when a district court remands a matter to the bankruptcy court for significant further proceedings, there is no final order for the purposes of § 158(d) and the court of appeals lacks jurisdiction”); Bowers v. Connecticut Nat’l Bank, 847 F.2d 1019, 1022 (2d Cir.1988) (following Riggsby and finding no appellate jurisdiction); and In re Commercial Contractors, Inc., 771 F.2d 1373, 1375 (10th Cir.1985) (rejecting Marin and adopting Riggsby in concluding the district court’s order reversing the bankruptcy court and remanding for further proceedings is not a final, appealable order under § 158(d)); with In re Carolina Motor Express, Inc., 949 F.2d 107, 108 n. 1 (4th Cir.1991) (adopting Marin approach), rev’d on other grounds sub nom., Reiter v. Cooper, 507 U.S. 258, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993); In re Sambo’s Restaurants, Inc., 754 F.2d 811, 814-15 (9th Cir.1985) (same); and *1292 cf., In re Gardner, 810 F.2d 87, 90-92 (6th Cir.1987) (finding jurisdiction after opining “the particular circumstance[ ]” of addressing a purely legal question that would determine the outcome removed the case from the Riggsby line of cases).
We should ádhere to the reasoned approach of most of our sister circuits and recognize that a district court’s order remanding a case to the bankruptcy court for further proceedings beyond mere ministerial duties does not constitute a final order.[5] There is nothing final in the district court’s returning the case to the bankruptcy court for extensive further proceedings, and at least we should not in reaching a contrary conclusion adopt a standard reasonably denounced by the majority of circuits. Nor does this case pose an issue whose resolution will answer what actually belongs in a bankruptcy estate, since the ultimate question raised to us is whether the Debtors’ worker’s compensation benefits should “be excluded from the hypothetical Chapter 13 analysis that underlies a substantial abuse determination.” Ante, at 1290. In short, the question is only whether the Debtors’ worker’s compensation benefits would preclude his use of Chapter 7,[6] and in order for us to consider this question on appeal, as Judge Goldberg put it, “the game must really be over.” Greene County Hospital, 835 F.2d at 595.
Until today, that we may deem it feasible or practical to review a district court order has not granted us appellate jurisdiction. By embracing the Third Circuit’s oft criticized approach, albeit with good intentions of convenience and economy, we now inevitably invite the inconvenient and costly piecemeal appeals our insistence on finality has heretofore proscribed.
Certainly in some cases appellate judges may feel it better to review the matter and get it over with. See e.g., In re Kelly, 841 F.2d 908, 911 (9th Cir.1988) (concluding that because “legal issues predominate” the questions raised on appeal, “judicial efficiency and finality are best served” by exercising appellate jurisdiction). This fosters only passing convenience and is far from the law. If the courts do not follow reasoned precedent governing basic jurisdictional principles, we can not expect lawyers and litigants to do so. We should strictly apply our jurisdictional rules and dismiss the appeal for want of jurisdiction. Today’s decision is most unfortunate.

. The majority today quite correctly declines to rely on In re Bestmann, 720 F.2d 484 (8th Cir.1983). There, this court discussed Marin approvingly in finding appellate jurisdiction over the district court’s refusal to consider an appeal from the bankruptcy court. Id. at 486. But the district court there had erroneously concluded that it lacked subject matter jurisdiction to consider the appeal. In Bestmann we expressly noted that were we to decline to exercise appellate jurisdiction, the only issue before us then— whether the district court had jurisdiction to consider the appeal — would never receive appellate review. Id. Bestmann should not be read any broader than its limited holding, especially in light of Hansen and Vekco. See supra at 1286-87.

. In this regard the present case is distinguished from In re Huebner, 986 F.2d 1222 (8th Cir.1993). There, we held that an order denying a debtor’s claimed exemption is final under § 158(d), after recognizing the district court’s order would actually place the purportedly exempt assets into the bankruptcy estate. I note, however, that even in Huebner we cautioned that we were not abandoning "our prior decisions holding that district court orders remanding to the bankruptcy court are seldom final.” Id. at 1224. Today's decision tosses that caution aside.