RONEY, Circuit Judge:
Brookside Savings & Loan Association (Brookside) appeals from an order of the district court reversing a bankruptcy court order which directed TCL Investors (TCL), a Chapter 11 bankrupt, to sell certain property to Brookside. The district court remanded the case to the bankruptcy court, holding that the bankruptcy judge must conduct an adversary hearing before this type of relief can be granted. We hold that this Court lacks jurisdiction under 28 U.S.C.A. § 158(d) to hear an appeal of the district court’s order and dismiss the appeal for lack of jurisdiction.
In August 1984, the bankruptcy court issued an order authorizing TCL to sell an apartment complex pursuant to a sales contract as to which Brookside stands as the *1518 purchaser. .When a representative of TCL informed Brookside that the contract was in default, Brookside refused to pay the additional amount demanded to cure the alleged default. Brookside asked the bankruptcy court to order TCL to sell the apartment complex to Brookside. After receiving pleadings and holding a two-day hearing, the bankruptcy judge granted Brook-side’s motion for an “Order in Aid of Order Approving Sale of Property” and directed TCL to sell the property to Brookside by a certain date.
TCL appealed the bankruptcy court’s order to the district court on several grounds, but the district court ruled only on TCL’s argument that the bankruptcy court should have conducted a full trial on the merits, with an opportunity for discovery, before TCL was ordered to sell the property. The district court characterized Brookside’s motion in the bankruptcy court as one seeking specific performance and remanded the case to the bankruptcy judge for a full adversary hearing on the issues relating to the motion. The district court also concluded that the motion was a “non-core” proceeding under 28 U.S.C.A. § 157(b)(2) and that the bankruptcy court must therefore make proposed findings of fact and conclusions of law which would be reviewed de novo by the district court if one of the parties objected to the proposed findings and conclusions. Brookside filed a timely appeal to this Court from the district court order. TCL’s motion to dismiss the appeal for lack of jurisdiction was carried with the case to the oral argument panel.
The jurisdiction of the federal courts of appeals in bankruptcy cases is now governed by 28 U.S.C.A. § 158(d), enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 to replace a similar provision in the 1978 Act, 28 U.S. C.A. § 1293. Both provisions provide for appeals from “final” decisions and orders of district courts. The parties agree that the bankruptcy court’s order directing TCL to sell the property was a final order ap-pealable to the district court under 28 U.S. C.A. § 158(a). The question here is whether the district court’s order reversing and remanding the case to the bankruptcy court for further proceedings is a final order appealable to this Court.
In In re Regency Woods Apartments, Ltd., 686 F.2d 899 (11th Cir.1982), this Court held it could not review a nonfinal district court bankruptcy order, unless the order satisfied one of the exceptions to the final judgment rule. The Court noted there that the district court’s remand required significant judicial activity by the bankruptcy court involving considerable discretion and therefore was not finally dispositive of the merits of the case. Several other circuits have adopted the same view. In re Emerald Oil Co., 694 F.2d 88, 89 (5th Cir.1982) (no appeal where there is “no final determination of the rights of the parties to secure the relief they seek in this suit”); In re Riggsby, 745 F.2d 1153 (7th Cir.1984); In re Glover, Inc., 697 F.2d 907 (10th Cir.1983).
Although these cases and Regency Woods involved section 1293, the predecessor to section 158(d), recent cases have indicated that the two sections should be similarly interpreted. In re Fox, 762 F.2d 54, 55 (7th Cir.1985); In re Cash Currency Exchange, Inc., 762 F.2d 542, 546 n. 4 (7th Cir.1985).
Brookside cites other circuits’ decisions which have held that a decision reversing and remanding the case to the bankruptcy court for further proceedings is appealable to the circuit court. “[W]hen the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court’s order is also a final order for purposes of section 1293(b).” In re Marin Motor Oil, Inc., 689 F.2d 445, 449 (3d Cir.1982), cert. denied, 459 U.S. 1206, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983). See also In re Sambo’s Restaurants, Inc., 754 F.2d 811, 814 (9th Cir.1985).
A post-argument submission of TCL argues that a recent Ninth Circuit case, although purporting to rationalize Sambo’s with the earlier In re Martinez, 721 F.2d 262 (9th Cir.1983), in fact constitutes a substantial retreat from Sambo’s, a case relied upon by Brookside. In re Stanton, 766 *1519 F.2d 1283 (9th Cir.1985). Stanton declined to take jurisdiction over an appeal, noting the difference between an order which affirms or reverses (Sambo’s) and one that remands for further factual development (Martinez) and reciting that if “we take jurisdiction before that process [of factual development] is concluded, we interfere with the bankruptcy court’s fact-finding role.” Id. at 1287.
In any event, this Court is bound by the rule expressed in Regency Woods, there being no principled way to decide differently the Court’s jurisdiction under the new section 158(d).
Under this standard, it is apparent that the district court’s ruling is not an appealable final order. As the Court has previously noted in the bankruptcy appeals context, a final order is “ ‘one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.’ ” In re Tidewater Group, Inc., 734 F.2d 794, 795-96 (11th Cir.1984) (quoting Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). The district court’s order, although it reverses the bankruptcy court’s decision, in no way determines the merits of the case or any of the substantive rights of the parties. Until the factual record is fully developed, as required by the district court, the issues presented cannot be adequately presented on appeal.
Brookside also argues that, even if the district court’s determination is a nonfi-nal order, it falls within the collateral order exception of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and within the doctrine of Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). Regency Woods held that such appeals are subject to the Coken exception. Brookside has not made a sufficient showing to invoke that exception. Now is not the time to review the district court’s direction to the bankruptcy court under 28 U.S.C.A. § 157(b)(2).
In holding that we are without jurisdiction to hear the instant appeal, the Court expresses no opinion on the merits of the district court’s decision that the bankruptcy court’s findings of fact and conclusions of law are subject to de novo review by the district court. That issue should await determination until the appropriate stage of the proceedings.
The appeal is dismissed for lack of jurisdiction.
DISMISSED.