808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re George Allen WILLEY,
In re Helen Beatrice Willey, Debtors.
VILLAGE SAVINGS BANK, a New York Savings Bank, Plaintiff-Appellee,
v.
George Allen WILLEY; Helen Beatrice Willey; Defendants-Appellants,
David R. Levin, Trustee, Defendant.
 No. 86-3126.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 11, 1986.
Decided Dec. 29, 1986.
 
 Before RUSSELL, ERVIN and WILKINSON, Circuit Judges.
 Richard S. Harman, for appellants.
 Thomas E. Cabaniss and Ann Kiley Crenshaw, McGuire Woods & Battle; and John Coulbourn McLemore, Scanelli & Shapiro, for appellee.
 PER CURIAM:
 
 
 1
 The Willeys, Chapter 13 debtors, seek to appeal the district court's order reversing in part, and affirming in part, a final order of the bankruptcy court, and remanding the case to the bankruptcy judge for further proceedings and a determination of relief. Because we lack jurisdiction under 28 U.S.C. Sec. 158(d) to hear an appeal from such an order, we dismiss the Willeys' appeal.
 
 
 2
 On February 13, 1986, the Willeys filed a Chapter 13 petition in bankruptcy listing Village Savings Bank as the holder of a deed of trust lien against their home. On March 25, 1986, Village Savings Bank filed a motion in Willeys' bankruptcy proceedings seeking to have the bankruptcy court modify or lift the automatic stay provided by 11 U.S.C. Sec. 362. On April 8, 1986, the Willeys, in response to this motion, filed an answer and counterclaim alleging that Village Savings Bank's lien was invalid. After hearings on May 28, 1986 and May 29, 1986, the bankruptcy court declared Village Savings Bank's lien null and void, and denied relief from the stay. On Village Savings Bank's appeal, the district court reversed the bankruptcy court, holding that the lien was valid and enforceable against the Willeys' home, and remanded the case to the bankruptcy court for a determination of the relief to which Village Savings Bank may be entitled. Following this decision, the Willeys noted their appeal.
 
 
 3
 Under 28 U.S.C. Sec. 158(d), this Court has jurisdiction of appeals from all "final decisions, judgments, orders, and decrees" in bankruptcy cases. A final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." In re Tidewater Group, Inc., 734 F.2d 794, 795-96 (11th Cir.1984) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). A district court decision remanding a case to a bankruptcy judge for further proceedings generally will not be considered final, unless only a "ministerial" task remains to be done on remand. See In re Fox, 762 F.2d 54, 55 (7th Cir.1985).
 
 
 4
 In the present case we do not find that the function of the bankruptcy court on remand will be "purely ministerial." The bankruptcy court must determine the nature of relief to which Village Savings Bank may be entitled. Resolving this issue will require further judicial activity by the bankruptcy judge involving the exercise of considerable discretion. See In re TCL Investors, 775 F.2d 1516, 1518 (11th Cir.1985). Under these circumstances, we conclude that the district court's decision is not final for purposes of appeal. Therefore, we grant the motion to dismiss filed by Village Savings Bank and dismiss the Willeys' appeal. We dispense with oral argument because it would not aid the decisional process.
 
 
 5
 DISMISSED.