ESCHBACH, Senior Circuit Judge:
 

 The plaintiff appeals a district court order which affirms in part, and reverses and remands in part, a bankruptcy court’s award of damages to the defendants-appel-lees on a breach of contract action. The only issue we need reach is whether we have jurisdiction over a district court order which remands to the bankruptcy court for significant factual findings. Because we find that this court lacks appellate jurisdiction under 28 U.S.C. § 158(d), we dismiss this appeal.
 

 I
 

 The appellant-debtor, Joseph Michael Bri-glevich, had a written contract with the appellees, Klaus and Brigette Rees, to construct a residence for them. Briglevich did not complete construction within the time period originally contemplated in the contract. The parties agreed to several extensions of time. In obtaining the final extension, Briglevich prepared a construction schedule which the bankruptcy court found established the specific deadline for the construction. Before this deadline expired, the appellees orally terminated their contract with Brigelevich. The bankruptcy court found that the termination of the
 
 *760
 
 contract by the appellees was not an anticipatory breach of contract. Rather, it found that the work was not completed according to the schedule set out by Brigle-vich because of major and material defaults in his performance. As a result, the court found that the appellees’ termination of Briglevich was rightful. In addition, the bankruptcy court recalculated the contract’s inflation adjustment based on the industry’s “Means Construction Cost Index,” rather than the excessive inflation rate used by Briglevich to assess increased construction costs to the appellees. The bankruptcy court awarded a total of $26,-267.16 in damages to the appellees.
 

 The district court affirmed in part, and reversed and remanded in part, the judgment of the bankruptcy court. On Brigle-vich’s motion for rehearing, the district court reaffirmed its earlier holding, but clarified the intent of its previous order. The district court made several determinations. First, it upheld the bankruptcy court’s conclusion that Briglevich’s termination was not an anticipatory breach. Second, the district court affirmed the bankruptcy court’s conclusion that the ap-pellees could recover voluntary payments that they had made to Briglevich under the inflation adjustment provision of the contract. The district court determined that the appellant had charged for inflation based on an inflation rate considerably higher than the rate normally used in the construction industry. Third, the district court affirmed the bankruptcy court’s grant of $18,200.00 to the appellees as recovery for “defective work,” concluding that the Reeses had met their burden of showing that the expenses were necessary. Finally, the district court concluded that the Reeses had made out a
 
 prima facie
 
 case regarding amounts expended to complete the contract, thereby reversing and remanding to the bankruptcy court on this issue. The bankruptcy court had determined that the Reeses were entitled to recover $18,200.00 as the costs to cure certain defects and to complete the work according to the original specifications. The district court thus interpreted the bankruptcy court’s order as intending to grant damages for the appellees’ costs to complete the contract. However, thetestimony presented to the bankruptcy court indicated that the $18,200.00 was only an estimate for the defective work, and not for the costs to complete. In its second order clarifying the remand, the district court stated that “the bankruptcy court may determine which amounts paid to [the second contractor] by the Reeses were actually necessary for completion in accordance with the parties’ contract and what amount [sic] were for work performed by [the contractor] that was outside the contract.” Briglevich appeals.
 

 II
 

 Although neither party has challenged the appellate jurisdiction of this Court, it is well established that we must raise this issue of our own volition.
 
 See Bender v. Williamsport Area School Dist.,
 
 475 U.S. 534, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986);
 
 In re Bowman,
 
 821 F.2d 245, 246 (5th Cir.1987). Consequently, pursuant to our instructions, both parties have submitted supplemental briefs solely on the issue of our appellate jurisdiction.
 

 Both parties contend that 28 U.S.C. § 158(d) confers jurisdiction on this Court. Section § 158(d) grants jurisdiction to courts of appeals for all final judgments and orders made by the district courts on appeals taken from the bankruptcy courts. Although disagreement exists among the different courts of appeal as to what constitutes a final order, this Court has held that a district court order which reverses and remands an action to the bankruptcy court is not appealable as a final order under § 158(d).
 

 We dealt with the issue of finality in
 
 In re TCL Investors,
 
 775 F.2d 1516 (11th Cir.1985). The investors of TCL, a Chapter 11 debtor, were ordered by the bankruptcy court to sell certain property to a savings and loan association. On appeal, the district court reversed and remanded the case to the bankruptcy court, requiring an adversary hearing before relief could be granted. We held that the district court’s order was not final for the purposes of
 
 *761
 
 § 158(d). “Until the factual record is fully developed, as required by the district court, the issues presented cannot be adequately presented on appeal.”
 
 Id.
 
 at 1519.
 

 This Circuit is not alone in adopting such a posture. The Fifth Circuit’s decision in
 
 In re Bowman,
 
 821 F.2d 245 (5th Cir.1987), takes a similar stance. The bankruptcy court had dismissed a complaint, which objected to the dischargeability of the debt, as untimely filed. The district court reversed and remanded for significant further proceedings. Upon review of the district court’s order, the Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because the order was not final for the purposes of § 158(d).
 

 In
 
 In re Riggsby,
 
 745 F.2d 1153 (7th Cir.1984), the Seventh Circuit confronted a situation analogous to that presented in
 
 In re Bowman.
 
 The bankruptcy court had dismissed as untimely a complaint that objected to the discharge of the bankrupt’s debt. The district court reversed and remanded to the bankruptcy court, holding that the bankruptcy judge had applied an incorrect standard in deciding whether to permit a late filing of the complaint. In dismissing the appeal for lack of jurisdiction, the Seventh Circuit noted that dismissal would best preserve judicial economy. If the order was appealable, the court of appeals might have to review the district court’s order twice if it upheld the district court’s order to remand because the bankruptcy court’s final decision rendered after remand could then be appealed to the court of appeals.
 
 Id.
 
 at 1155-56. On the other hand, if the district court’s order was not considered appealable, the bankruptcy court could promptly decide the issue on remand. Its final judgment might not be appealed. The court thus held that “a decision of the district court on appeal from a bankruptcy judge’s final order is not itself final if the decision remands the case to the bankruptcy judge for significant further proceedings.”
 
 Id.
 

 The Tenth Circuit has also found this analysis persuasive. In
 
 In re Commercial Contractors, Inc.,
 
 771 F.2d 1373 (10th Cir. 1985), the court decided that “[ajpplying conventional finality standards [was] in keeping with the Congressional intent to narrow bankruptcy appeals.”
 
 Id.
 
 at 1375. As a result, the court dismissed an appeal from a district court order which had reversed a bankruptcy court’s denial of a motion to intervene.
 

 While many circuits have taken a similar stance, we note that all courts have not. Most notably, the Third Circuit in
 
 In re Marin Motor Oil, Inc.,
 
 689 F.2d 445 (3rd Cir.1982),
 
 cert. denied,
 
 459 U.S. 1207, 103 S.Ct. 1196, 75 L.Ed.2d 440 (1983), determined that a district court order which reviews and even remands a final order from a bankruptcy court is final under § 158(d).
 
 See also In re Gardner,
 
 810 F.2d 87 (6th Cir.1987);
 
 In re Stanton,
 
 766 F.2d 1283, 1287 (9th Cir.1985);
 
 In re Bestmann,
 
 720 F.2d 484 (8th Cir.1983).
 
 But see In re Hansen,
 
 702 F.2d 728 (8th Cir.) (per curiam),
 
 cert. denied,
 
 463 U.S. 1208, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983).
 

 Notwithstanding the split among the circuits, the precedent which binds our decision establishes that a district court order which remands for further significant proceedings is not a final order under § 158(d). Since the district court’s order remanded for more than merely mechanical or ministerial findings by the bankruptcy court, we must dismiss this appeal for lack of appellate jurisdiction.
 

 DISMISSED.