848 F.2d 1190
 In re MISCOTT CORPORATION f/k/a/ Miscott Construction Corp., Debtor.
MISCOTT CORPORATION f/k/a Miscott Construction Corp.,
Plaintiff-Appellant,
v.
ZAREMBA WALDEN CO., a Florida corporation, Walden
Communities, Inc., a Florida corporation, d/b/a/
Walden Development Co. and Safeco
Insurance Co. of America,
Defendants-Appellees.
 No. 87-5451.
 United States Court of Appeals,
Eleventh Circuit.
 July 8, 1988.
 
 Richard A. Sherman, P.A., Ft. Lauderdale, Fla., Robert Paul Keeley, Ellis, Spencer, Butler & Kisslan, Hollywood, Fla., for plaintiff-appellant.
 Robert F. Plafsky, Ruden, Barnett, McClosky, Schuster, & Russell, P.A., John H. Pelzer, Ft. Lauderdale, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY and VANCE, Circuit Judges, and HOFFMAN*, Senior District Judge.
 FAY, Circuit Judge:
 
 
 1
 Miscott Corporation ("Miscott") appeals from an order of the district court that affirmed the decision of the bankruptcy court as to liability for breach of contract, but remanded the case to the bankruptcy court for further factual development concerning Zaremba Walden Co.'s ("Walden") entitlement to an award of attorneys fees. Because this court only has jurisdiction over final decisions, we must dismiss the appeal.
 
 I. BACKGROUND
 
 2
 On June 22, 1983, Walden as owner and Miscott as general contractor, entered into a written contract for the construction of a residential condominium development in Dade County, Florida. The project consisted of eight buildings, a pool and a cabana facility. Walden divided the project into two phases. The contract provided that Miscott would build Phase II, composed of Buildings 5-8, only after receiving notice to proceed from Walden.
 
 
 3
 A section of the contract containing the liquidated damages clause[1] included a "bonus" provision which required Walden to pay Miscott for completing its work early. The contract stated:
 
 
 4
 "Owner agrees that, if Contractor completes all Work contemplated by the Contract Documents ahead of schedule, Contractor shall be entitled to the sum of FIVE HUNDRED AND 00/100 ($500.00) DOLLARS per day for each day that all of the Work contemplated by the Contract Documents is completed prior to the time required by the Contract Doucments [sic]."
 
 
 5
 Miscott completed each building at least seventy days ahead of schedule,[2] thus earning a "bonus" payment for early completion. The parties, however, dispute the amount of the bonus.
 
 
 6
 On July 3, 1984, Miscott filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. 11 U.S.C. Secs. 1101-1174 (1982 Supp. IV 1988). Miscott then initiated an adversary proceeding against Walden to foreclose a mechanic's lien under Chapter 713, Florida Statutes (1985). Miscott also sought damages for breach of contract caused by Walden's alleged failure to make the final contract payment and its failure to pay a bonus for early completion of the project.[3] Walden counterclaimed against Miscott for costs incurred due to posting surety bonds that transferred the subcontractors' mechanic's liens to bond, plus attorneys' fees incurred in defending lawsuits initiated by certain subcontractors to foreclose their mechanics' liens.
 
 
 7
 At trial, Miscott contended it was due a bonus payment of $291,000.00. Miscott calculated this amount by multiplying $500.00 per day times the number of days it completed each building ahead of schedule. Walden contended that Miscott was entitled to a bonus of only $38,500.00, calculated at the rate of $500.00 per day for each day the final building of the project was completed ahead of schedule. Walden also sought $17,472.50 in damages resulting from Miscott's failure to pay its subcontractors. The bankruptcy court awarded Miscott only $38,500.00 as its bonus, and awarded Walden $17,472.50 in damages plus attorneys' fees to be determined at a later date. 49 B.R. 893.
 
 
 8
 Pursuant to 28 U.S.C. Sec. 158(a) (Supp. III 1985), Miscott appealed the bankruptcy court's final judgment. The district court affirmed the bankruptcy court, but remanded the question of Walden's entitlement to attorneys' fees under Fla.Stat. Sec. 713.29 (1985). On appeal, this Court raised sua sponte an issue of jurisdiction concerning whether the district court's order is final and thus appealable.
 
 II. DISCUSSION
 
 9
 We must examine the question of jurisdiction even when neither party raises the issue. In re Downtown Properties, Ltd., 794 F.2d 647, 650 (11th Cir.1986). In bankruptcy cases, 28 U.S.C.A. Sec. 158(d) (West Supp.1987) governs the jurisdiction of this court. This provision allows for the appeal of all district court decisions, judgments and orders that are final. Under section 158(d) a decision is not final if on remand the bankruptcy court is required to exercise significant judicial activity involving considerable discretion. In re TCL Investors, 775 F.2d 1516, 1518 (11th Cir.1985) (holding as not "final" a district court's order reversing and remanding case to the bankruptcy court for further proceedings); cf. In re Regency Woods Apartments, Ltd., 686 F.2d 899, 901 (11th Cir.1982) (per curiam) (interlocutory appeals not permitted under the Bankruptcy Code). On the other hand, a district court ruling which includes a remand may be a "final decision" if all that remains is the performance of a ministerial duty. Gulf Refining Co. v. United States, 269 U.S. 125, 136, 46 S.Ct. 52, 53, 70 L.Ed. 195 (1925) (rendering judgment for the exact sums set forth in stipulations was ministerial duty); Turner v. Orr, 759 F.2d 817, 820 (11th Cir.1985) (calculation of back pay and seniority of Air Force civilian employee was purely ministerial), cert. denied, 478 U.S. 1020, 106 S.Ct. 3332, 92 L.Ed.2d 738 (1986); Matter of Fox, 762 F.2d 54, 55 (7th Cir.1985) ("[a]n order upholding liability but leaving damages for subsequent determination is not a final order").
 
 
 10
 In this instance, enough remains for the bankruptcy court that the decision cannot be considered final. The district court, relying upon the Supreme Court of Florida's recent decision in C.U. Associates v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985), remanded with instructions for the bankruptcy court to determine Walden's entitlement to attorneys' fees. On remand, the bankruptcy court is required to do more than simply determine the amount of attorneys' fees. Under Fla.Stat. Sec. 713.29 (1985), the bankruptcy court must decide whether Walden made a bona fide settlement offer and whether Miscott unequivocally refused that offer. See C.U. Associates, 72 So.2d at 1179. Further, the court must consider whether, in the light of the underlying issues, the offer was made in good faith. This requires an evidentiary hearing, consideration of factual issues and the entry of findings of fact. To determine the appropriate amount of attorneys' fees to be awarded, the bankruptcy court will need to weigh the evidence, examine the credibility of the various witnesses, and ultimately use its best judgment.
 
 
 11
 While in some cases the calculation of attorneys' fees may be a ministerial duty collateral to the merits of the action, see McQurter v. City of Atlanta, 724 F.2d 881, 882 (11th Cir.1984) (per curiam); Holmes v. J. Ray McDermott & Co., 682 F.2d 1143, 1146 (5th Cir.1982), this is not such a case. The determination of whether a bona fide settlement offer was made is the type of fact finding that is intertwined with the merits and thus involves the use of judicial judgment. This raises the responsibility of the bankruptcy court out of the realm of ministerial duties.
 
 III. CONCLUSION
 
 12
 The requirement of finality is essential to avoid piecemeal review, inconvenience and unnecessary costs. This Court does not have jurisdiction until the district court decision is final. See Gillespie v. United States Steel Corp., 379 U.S. 148, 152-53, 85 S.Ct. 308, 310-11, 13 L.Ed.2d 199 (1964); Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 324, 94 L.Ed. 299 (1950). Because the issues remanded to the bankruptcy court are the gravamen of the counterclaim and since the open issues involve essential elements of those claims, this decision is not final. Therefore, this appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 According to the liquidated damages clause, Walden could penalize Miscott $500.00 per day for each day Miscott was late in delivering each building. The parties do not dispute the interpretation of the penalty clause and understand it to apply on a per building basis
 
 
 [2]
 The bankruptcy court found that Miscott completed the buildings ahead of schedule as follows: Building One--70 days; Building Two--70 days; Building Three--70 days; Building Four--70 days; Building Five--73 days; Building Six--76 days; Building Seven--76 days; and Building Eight--77 days
 
 
 [3]
 Miscott also sued Safeco Insurance Company of America for recovery under the surety transfer bond pursuant to Fla.Stat. Sec. 713.24 (1985)