60 F.3d 724
 Bankr. L. Rep. P 76,514
In re F.D.R. HICKORY HOUSE, INC., Debtor.
Bryan G. LOCKWOOD, Plaintiff-Appellant,
v.
SNOOKIES, INC., Blackjack, Inc., Old Hickory House # 3,
Inc., T. Jack Black, HH4, Inc., William R. Black, Old
Hickory House Properties, Inc., Old Hickory House Food
Systems, Inc., and Mary Francis Black, Defendants-Appellees.
 No. 94-8548.
 United States Court of Appeals,
Eleventh Circuit.
 June 8, 1995.
 
 Daniel Dwight Bowen, Office of Daniel Dwight Bowen, Atlanta, GA, for appellant.
 Stephen H. Block, Esx., Levine & Block, Atlanta, GA, for appellees.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before BIRCH and BARKETT, Circuit Judges, and SMITH*, Senior Circuit Judge.
 BIRCH, Circuit Judge:
 
 
 1
 Plaintiff-appellant challenges a district court order affirming a bankruptcy court order that denied approval of a proposed settlement and release agreement between plaintiff-appellant and an estate in bankruptcy. Because the district court order is interlocutory rather than final, we have no jurisdiction over this case. Appeal DISMISSED.
 
 I. BACKGROUND
 
 2
 Debtor F.D.R. Hickory House, Inc. ("Hickory House") was incorporated for the purpose of acquiring a number of restaurants from defendants-appellees Snookies, Inc., et al. ("Snookies"). Following the sale, Snookies filed suit in state court and alleged fraud and criminal conversion against a number of parties, including Hickory House and plaintiff-appellant Bryan Lockwood, who was an officer and a principal of Hickory House. The state court ruled for Snookies and held that Hickory House, Lockwood, and the other named defendants were jointly and severally liable for approximately $16,000,000 in costs and damages.
 
 
 3
 After entry of the judgment, Lockwood and the trustee for Hickory House signed a proposed settlement and release agreement, under which Lockwood agreed to pay Hickory House $7,650 in full and final settlement of all of Hickory House's potential claims against Lockwood. The bankruptcy court refused to approve the proposed settlement and release agreement because it would have abrogated claims that were not property of the Hickory House estate. The district court affirmed following the same rationale. Lockwood appeals from the district court's affirmance.
 
 II. DISCUSSION
 
 4
 Although a district court, at its discretion, may review interlocutory judgments and orders of a bankruptcy court, see 28 U.S.C. Sec. 158(a), a court of appeals has jurisdiction over only final judgments and orders[1] entered by a district court or a bankruptcy appellate panel sitting in review of a bankruptcy court, see Sec. 158(d).[2] Thus, before we can entertain Lockwood's appeal, we must determine either that the district court order is a final order or that it satisfies one of three exceptions to the final judgment rule recognized in this circuit: the collateral order doctrine, the doctrine of practical finality, or the exception for intermediate resolution of issues fundamental to the merits of the case. Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir.1989); Martin Bros. Toolmakers, Inc. v. Industrial Dev. Bd. (In re Martin Bros. Toolmakers, Inc.), 796 F.2d 1435, 1437 (11th Cir.1986).
 
 
 5
 A final decision "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); Hatcher v. Miller (In re Red Carpet Corp.), 902 F.2d 883, 890 (11th Cir.1990). Closely tracking the bankruptcy court order, the district court also refused to approve the proposed settlement and release agreement between Lockwood and Hickory House. Consequently, the district court order did not settle the potential liabilities existing between Lockwood and Hickory House; instead, it expressly left them for future resolution. As we have noted, " '[a]n order approving a compromise ... is final because it finally determines the rights of the parties. An order disapproving a compromise, however, is not final. It determines no rights and settles no issues. It merely leaves the question open for future adjudication.' " Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.), 734 F.2d 794, 796 (11th Cir.1984) (quoting Tonkoff v. Synoground (In re Merle's Inc.), 481 F.2d 1016, 1018 (9th Cir.1973)) (omission in original) (emphasis added). Because the district court did not ascertain the value of Hickory House's claims against Lockwood, its order did not produce a settlement or judgment that any court can execute.[3] Therefore, the district court order is interlocutory and not reviewable by a court of appeals. See In re TCL Investors, 775 F.2d at 1519.
 
 
 6
 Notwithstanding the lack of finality of an order, we still may review it if the order falls within one of three recognized exceptions to the final judgment rule. First, the collateral order doctrine permits us to review interlocutory orders that "(1) finally determine a claim separate and independent from the other claims in the action; (2) cannot be reviewed after the final judgment because by then effective review will be precluded and rights conferred will be lost; and (3) are too important to be denied review because they present a significant and unresolved question of law." Parklane Hosiery Co. v. Parklane/Atlanta Venture (In re Parklane/Atlanta Joint Venture), 927 F.2d 532, 534 (11th Cir.1991); see also Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949). The order at issue here fails to meet any of the criteria of a collateral order.
 
 
 7
 The district court refused to approve the proposed settlement and release agreement because it would have affected the rights of Snookies; not only would the proposed settlement and release agreement have settled Hickory House's claims against Lockwood, but also it would have enjoined all parties to the earlier state court action from enforcing that judgment against Lockwood. Thus, the issues addressed by the district court order are not separate and independent from the other claims in the bankruptcy proceeding. Additionally, there is no indication that immediate review is necessary to preserve the rights of either Lockwood or Hickory House. Hickory House's claims against Lockwood will not be lost if they are settled or adjudicated after a final judgment in the bankruptcy proceedings, and postponing a transfer of $7,650 from Lockwood to Hickory House should not irreparably harm either party. Finally, the appeal from the order presents no significant, unresolved questions of law. We, therefore, cannot review the district court order under the collateral order exception.
 
 
 8
 This circuit also recognizes the doctrine of practical finality, or the Forgay-Conrad rule, which permits a court to review an interlocutory order that
 
 
 9
 decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution.
 
 
 10
 Forgay v. Conrad, 47 U.S. (6 How.) 201, 204, 12 L.Ed. 404 (1848); Atlantic Federal Sav. & Loan Ass'n, 890 F.2d at 376. The district court order delays rather than directs the payment of cash by Lockwood to Hickory House. Significantly, neither Lockwood nor the estate of Hickory House would be irreparably harmed by delaying settlement of Hickory House's claims against Lockwood. Cf. In re Martin Bros. Toolmakers, Inc., 796 F.2d at 1437 (noting that the Forgay-Conrad rule allows review "whenever an order directs 'immediate delivery of physical property and subjects the losing party to irreparable harm ' if appellate review is delayed until conclusion of the case" (emphasis added)). Thus, the second exception to the rule of finality, the doctrine of practical finality, does not compel our immediate review of the district court order.
 
 
 11
 In the third and "most extreme," id., exception to the final judgment rule, we will review immediately "even an order of marginal finality ... if the question presented is fundamental to further conduct of the case." Atlantic Fed. Sav. & Loan Ass'n, 890 F.2d at 376; see also Gillespie v. United States Steel Corp., 379 U.S. 148, 153-54, 85 S.Ct. 308, 311-12, 13 L.Ed.2d 199 (1964). If the district court order were of marginal finality, settling Hickory House's claims against Lockwood is in no way fundamental to further conduct of this case. The proposed settlement and release agreement values Hickory House's claims against Lockwood at $7,650, and we have no reason to question this figure.[4] The immediate resolution of this insubstantial sum is not fundamental to the settlement of the rest of Hickory House's estate; accordingly, we need not review the district court order, even if it had been marginally final.
 
 III. CONCLUSION
 
 12
 Lockwood challenges the district court's affirmance of a bankruptcy court order that rejected a proposed settlement and release agreement between Lockwood and Hickory House. Because the district court order is not a final judgment and because the order does not fall within any of the three exceptions to the final judgment rule recognized in this circuit, we lack jurisdiction to review the order. Accordingly, this appeal is DISMISSED.
 
 
 
 *
 Honorable Edward S. Smith, Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 See TCL Investors v. Brookside Sav. & Loan Ass'n (In re TCL Investors), 775 F.2d 1516, 1518 (11th Cir.1985) (holding that a district court order must be final in order to be appealable to the court of appeals); see also Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.), 832 F.2d 1391, 1395 (5th Cir.1987) (holding that a court of appeals ordinarily has jurisdiction over a case originating in a bankruptcy court "only if both the bankruptcy and district courts have entered final orders" and noting that, where a district court order simply affirmed the bankruptcy court order, "[e]ither both were final or neither was")
 
 
 [2]
 Enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, section 158(d) replaced 28 U.S.C. Sec. 1293 (repealed 1984), which previously had governed court of appeals jurisdiction over bankruptcy cases. See In re TCL Investors, 775 F.2d at 1518; City Nat'l Bank v. General Coffee Corp. (In re General Coffee Corp.), 758 F.2d 1406, 1409 (11th Cir.1985) (per curiam). We have held that the case law defining finality under section 1293 is applicable to section 158(d). In re TCL Investors, 775 F.2d at 1519; see also In re Louisiana World Exposition, Inc., 832 F.2d at 1395 n. 4. Precedents defining finality under 28 U.S.C. Sec. 1291, which grants to the courts of appeals jurisdiction over final decisions of the district courts, are similarly applicable to section 158(d). Hatcher v. Miller (In re Red Carpet Corp.), 902 F.2d 883, 890 n. 5 (11th Cir.1990); cf. T & B Scottdale Contractors, Inc. v. United States (In re Rodger & Rodger, Inc.), 815 F.2d 1425, 1427 n. 7 (11th Cir.1987) ("[I]n this circuit the same standard of finality applies to appeals arising under either Sec. 1293 or Sec. 1291.")
 
 
 [3]
 In this respect, an order rejecting a proposed settlement and release agreement is analogous to an order denying summary judgment, which we have held is interlocutory, and, thus, not appealable. Smith v. First Nat'l Bank (In re Smith), 735 F.2d 459, 461 (11th Cir.1984) (per curiam) ("When a judge denies one party's motion for a summary judgment, he merely preserves the status quo in the case.... [B]y its very nature a denial of summary judgment cannot be conclusive.")
 
 
 [4]
 Neither the bankruptcy court nor the district court challenged this assessment; both courts rejected the proposed settlement and release agreement because it impermissibly limited the rights of Snookies. In any case, this court can only accept or reject the proposed settlement and release agreement. We cannot appraise independently Hickory House's claims against Lockwood and impose the resulting "agreement" upon the parties, nor can we remand the case to the district court for such a determination. Thus, to the extent that the resolution of the Hickory House estate depends upon an exact valuation of Hickory House's claims against Lockwood, this is a matter properly left to future adjudication, which the bankruptcy court order invites