*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  06b0001n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: ELVA MARIE COOK, )<br>)<br>Debtor. )<br>———————————————————— )<br>)<br>ELVA MARIE COOK, )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>MYRON N. TERLECKY, Trustee, and )<br>UNION COUNTY HEALTH SYSTEM, )<br>)<br>Appellees. )<br>———————————————————— ) | No. 05-8027 |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division
Chapter 7 Case No. 03-67981

Submitted:  November 9, 2005

Decided and Filed:  January 4, 2006

Before: GREGG, SCOTT, and WHIPPLE, Bankruptcy Appellate Panel Judges.

———————————

**COUNSEL**

**ON BRIEF:**  Myron N. Terlecky, STRIP, HOPPERS, LEITHART, McGRATH & TERLECKY
COMPANY, Columbus, Ohio, Michael H. Sikora III, SIKORA LAW LLC, Mentor, Ohio, for
Appellees.  Elva M. Cook, Marysville, Ohio, pro se.

---

## OPINION

---

MARY ANN WHIPPLE, Bankruptcy Appellate Panel Judge.  Elva Marie Cook appeals an order that granted a Chapter 7 bankruptcy trustee's motion to approve a compromise and settlement of state court litigation involving real property in which Ms. Cook claimed an interest.  For the reasons that follow, we conclude that the order on appeal should be **AFFIRMED**.

### I.  ISSUE ON APPEAL

The issue presented is whether the bankruptcy court erred in granting the bankruptcy trustee's motion for approval of a compromise and settlement.[1]

### II.  JURISDICTION AND STANDARD OF REVIEW

A bankruptcy court's order approving a compromise is "final," *Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 726 (11th Cir. 1995), so the order in question may be appealed as of right.  28 U.S.C. § 158(a)(1).  The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel, and neither party has timely elected to have this appeal heard by the district court.  28 U.S.C. §§ 158(b)(6), (c)(1).  Accordingly, the panel has jurisdiction to decide this appeal.

"'A bankruptcy court's decision to approve or disapprove a settlement is reviewed under an abuse of discretion standard.'  An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made.  A court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law, or uses an erroneous legal

---

[1] The bankruptcy court order on appeal also denied Ms. Cook's motion to convert her Chapter 7 case to Chapter 13, but she does not (either in her statement of the issues on appeal or in her brief) challenge that aspect of the order.

2

standard." *Mitan v. Friedman (In re Polemar Constr. Ltd. P'ship)*, 229 F.3d 1153 (6th Cir. 2000) (unreported table decision), *available at* 2000 WL 1256953, at **1 (quoting *Continental Airlines, Inc. v. Air Line Pilots Ass'n, Int'l (In re Continental Airlines Corp.)*, 907 F.2d 1500, 1520 (5th Cir. 1990), and citing *Harrison v. Metro. Gov't*, 80 F.3d 1107, 1112-13 (6th Cir. 1996); *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995)); *see Mach. Terminals, Inc. v. Woodward (In re Albert-Harris, Inc.)*, 313 F.2d 447, 449 (6th Cir. 1963). "'The purpose of a compromise agreement is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims . . . . The law favors compromise and not litigation for its own sake, . . . and as long as the bankruptcy court amply considered the various factors that determined the reasonableness of the compromise, the court's decision must be affirmed.'" *Fishell v. Soltow (In re Fishell)*, 47 F.3d 1168 (6th Cir. 1995) (unreported table decision), *available at* 1995 WL 66622, at **2 (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)). "A finding of fact is clearly erroneous 'when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985)).

## III.  FACTS

On August 26, 2002, TRF Properties, Inc. ("TRF"), commenced quiet title litigation in the Common Pleas Court of Union County, Ohio, seeking an order determining that it was the owner of certain real property (the "Property") and authorizing it to convey the Property to Union County Health System ("UCHS") free and clear of encumbrances and claims of Elva Marie Cook (the "Debtor").  The Debtor filed a counterclaim against TRF and a third-party complaint against TRF's alleged principal, Timothy R. Farkas ("Farkas").  On September 16, 2003, the state court granted summary judgment to TRF, determining that it was the owner of the Property and could convey it free and clear of the Debtor's claims.  The court also granted judgment for TRF and Farkas on the Debtor's counterclaim and third-party claim, respectively.  On October 14, 2003, the Debtor appealed "so much of the judgment entered on September 16, 2003 as disallowed the defendant's

3

counter-claim." TRF sold the Property to UCHS, and the net proceeds were deposited with the state court.

On November 24, 2003, the Debtor filed a Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Ohio. On November 19, 2004, the Debtor filed a motion to convert her case to a case under Chapter 13 of the Bankruptcy Code.

Thereafter, Myron N. Terlecky, the Chapter 7 trustee (the "Trustee"), received the net proceeds of the sale of the Property. On December 9, 2004, the Trustee filed a motion for approval of a settlement with UCHS, whereby it would pay the Trustee the sum of $3,500 in settlement of all of the bankruptcy estate's claims against the Property or UCHS. The settlement expressly did not resolve or otherwise affect the Debtor's counterclaim against TRF or her third-party claim against Farkas. On January 6, 2005, the Trustee amended his motion to rectify a possible service defect. On December 9, 2004, and January 26, 2005, the Debtor filed objections to the Trustee's motion and amended motion, respectively. No creditor filed an objection.

On January 24, 2005, the bankruptcy court conducted an evidentiary hearing on the Debtor's motion to convert. On March 10, 2005, the bankruptcy court conducted a hearing on both motions. At the hearing, a representative of UCHS testified that the Property had been appraised at $125,000, that the tax appraisal was $101,170, and that the Property was in poor condition and continued to deteriorate, with his testimony supported by photographs of the Property. The Debtor presented no evidence regarding the value of the Property.

At the conclusion of the hearing, the bankruptcy court made an oral ruling. The court found that the probability of the Trustee's succeeding in challenging the sale of the Property to UCHS was "essentially non-existent" and so its payment of the sum of $3,500 for relinquishment of the right to do so was reasonable. Accordingly, on March 11, 2005, the court entered a written order approving the compromise between the Trustee and UCHS and denying the Debtor's motion to

convert her case to Chapter 13. After obtaining an extension of the deadline for doing so, the Debtor timely filed a notice of appeal on April 7, 2005.

## IV. DISCUSSION

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." The rule offers no guidance on the criteria to be used in evaluating whether a compromise and settlement should be approved. The Sixth Circuit has held, however, that "[t]he bankruptcy court . . . is obligated to weigh all conflicting interests in deciding whether the compromise is 'fair and equitable,' considering such factors as the probability of success on the merits, the complexity and expense of litigation, and the reasonable views of creditors." *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *accord, e.g., Bard v. Sicherman (In re Bard)*, 49 F. App'x 528, 530 (6th Cir. 2002); *Reynolds v. Comm'r*, 861 F.2d 469, 473 (6th Cir. 1988) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S. Ct. 1157 (1968)). More explicit guidance may be found in the unreported opinion in the *Bard* case:

> The United States Supreme Court has instructed bankruptcy courts engaged in making such determinations to "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." The federal courts of appeal have in turn implemented this directive by considering:
>
> > (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Bard*, 49 F. App'x at 530 (quoting *TMT Trailer Ferry*, 390 U.S. at 424, and citing *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929)) (additional citations omitted); *accord, e.g., Fishell v. Soltow (In re Fishell)*, 47 F.3d 1168 (6th Cir. 1995) (unreported table opinion), *available at* 1995 WL 66622,

5

at **3 (quoting *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986)).  As for the analysis and findings of fact required, a panel of the Sixth Circuit has adopted the procedure mandated by the Seventh Circuit:

> "A bankruptcy judge need not hold a mini-trial or write an extensive opinion every time he approves or disapproves a settlement.  The judge need only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision, and set out the reasons for his decision.  The judge may make either written or oral findings; form is not important, so long as the findings show the reviewing court that the judge properly exercised his discretion."
>
> . . . .
>
> . . . Although it is preferable that these matters be addressed in the Bankruptcy Court's opinion, "[i]f, indeed, the record contain[s] adequate facts to support the decision of the trial court to approve the proposed compromises, a reviewing court would be properly reluctant to attack that action solely because the court failed adequately to set forth its reasons or the evidence on which they were based."

*Fishell*, 1995 WL 66622, at **3 (quoting *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 163 (7th Cir. 1987); *TMT Trailer Ferry*, 390 U.S. at 437).

The Debtor appears to contend that the bankruptcy judge erred with regard to the probability of success in the litigation.  She argues that the price at which the state court authorized the Property to be sold was so insufficient that she or the Trustee would be able to avoid the sale and recover the Property.  The record on appeal does not demonstrate that the bankruptcy court's finding in this regard is clearly erroneous.  Moreover, the Debtor did not appeal that aspect of the order authorizing the sale and fixing the sale price in the state court system.  As a result, the likelihood that the sale can be rescinded is minimal at best, even if the alleged insufficiency of the price and other actions of which the Debtor complains would otherwise require setting aside the sale.

The Debtor also contends that the sale of the Property for an insufficient price constitutes a taking of her property for public use without just compensation in violation of the Fifth and Four-

teenth Amendments to the Constitution of the United States. Again, there is no evidence that the price was unjust. In addition, there is no evidence that the Property was taken for public use or that the Property was the Debtor's. Indeed, the state court determined that the Property belonged to TRF to the exclusion of the Debtor's claimed interest, and that portion of the order was not challenged on appeal in the state court system.[2]

The record contains adequate facts to support the decision of the bankruptcy court to approve the compromise. Further, the court applied the appropriate legal standard. First, the court determined that the Trustee's probability of success in setting aside the sale of the Property was "essentially non-existent." The finding was not clearly erroneous, particularly in light of the Debtor's failure to appeal that portion of the state court order authorizing the sale. Second, the matter of the collectibility of a judgment in the Trustee's favor need not have been considered in light of the court's finding that the possibility of such a judgment was minimal. Third, there is no question that the expense and delay of litigation challenging the sale would far outweigh the likelihood and extent of a recovery. Finally, insofar as the "paramount interest of the creditors" is concerned, no creditors objected to the compromise. Moreover, the settlement safeguards the Debtor's interests by explicitly providing that her claims against TRF and Farkas on appeal in the state court system are not affected thereby. The bankruptcy court did not abuse its discretion in approving the compromise and settlement.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order granting the Trustee's motion for approval of the compromise and settlement with UCHS is hereby **AFFIRMED**.

---

[2] The Debtor also relies on the Seventh Amendment, claiming that she was entitled to a state court jury trial of her counterclaim against TRF and her third-party claim against Farkas, which is an issue to be addressed in the appeal from the state court order. Moreover, the Supreme Court has held that the procedure for summary judgment does not violate the Seventh Amendment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336, 99 S. Ct. 645, 654 (1979) (citing *Fid. & Deposit Co. v. United States*, 187 U.S. 315, 319-21, 23 S. Ct. 120, 121-22 (1902)).