[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11391
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-00475-TCB

In re: PETER OTOH,

Debtor.

_____

PETER OTOH,

Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
NATIONSTAR MORTGAGE LLC,
d.b.a. Mr. Cooper,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 18, 2021)

Before WILSON, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Peter Otoh, a Chapter 7 debtor proceeding pro se, appeals from the district court's order denying his jury demand on two counts of his amended adversarial complaint. In September 2019, Otoh filed the adversarial complaint in bankruptcy court seeking preliminary and permanent injunctions under 11 U.S.C. § 105(a) prohibiting the defendants from foreclosing on and selling his property, as well as an order directing that they allow him to lease out the rooms of his house while the foreclosure proceedings were pending. He also moved for a jury trial. In January 2020, the bankruptcy court denied Otoh's request for a jury trial and, in a separate order, denied his request for preliminary injunction. Otoh appealed only the denial of his jury demand, and the district court affirmed the denial of his jury demand. The district court's order is the subject of this appeal. Since the filing of Otoh's appeal in this court, the bankruptcy court has dismissed his adversarial complaint in full.[1]

On appeal, Otoh argues that the district court erred in finding that Otoh's requests for relief were equitable in nature and thus did not entitle him to a jury trial under the Seventh Amendment. In response, the defendants assert that we

---

[1] Additionally, Otoh has been discharged as a debtor in the underlying bankruptcy proceedings since the filing of this appeal.

lack jurisdiction because the bankruptcy court, which certified its denial of Otoh's jury trial demand as final under Federal Rule of Civil Procedure 54(b), was without authority to do so, as that ruling was an interlocutory order. Otoh does not respond to the defendants' jurisdictional argument. We agree with the defendants and conclude that we lack jurisdiction over the appeal.

Pursuant to Article III of the Constitution, our jurisdiction is limited to "cases" and "controversies." *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id*. In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001). "When events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the case is moot and must be dismissed." *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000). Moreover, because the question of mootness is jurisdictional in nature, we may raise it *sua sponte*, regardless of whether the district court considered it or the parties briefed the issue

3

on appeal. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1329, 1331–32 (11th Cir. 2005) (per curiam).

Similarly, we must review *sua sponte* the propriety of a Rule 54(b) certification because it implicates appellate jurisdiction. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (per curiam). "To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (citing 28 U.S.C. §§ 1291, 1292). An order that adjudicates fewer than all claims against all parties is not final and appealable absent certification by the district court under Rule 54(b). *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012). Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). A district court's Rule 54(b) certification is not conclusive on appeal, and if the district court incorrectly granted Rule 54(b) certification, we will dismiss the appeal for lack of jurisdiction. *See Ebrahimi*, 114 F.3d at 166, 168.

In bankruptcy cases, our appellate jurisdiction extends to "all final decisions, judgments, orders, and decrees" entered by the district court. 28 U.S.C. § 158(d)(1). "A final decision is one which ends the litigation on the merits and

4

leaves nothing for the court to do but execute the judgment." *Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 726 (11th Cir. 1995) (internal quotation mark omitted). "Although a *district court*, at its discretion, may review interlocutory judgments and orders of a bankruptcy court . . . a *court of appeals* has jurisdiction over only final judgments and orders entered by a district court . . . sitting in review of a bankruptcy court." *Michigan State Univ. v. Asbestos Settlement Trust (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012) (per curiam).

"In bankruptcy, adversary proceedings generally are viewed as stand-alone lawsuits, and final judgments issued in adversary proceedings are usually appealable as if the dispute had arisen outside of bankruptcy." *Dzikowski v. Boomer's Sports & Recreation Ctr., Inc. (In re Boca Arena, Inc.)*, 184 F.3d 1285, 1286 (11th Cir. 1999) (internal quotation marks omitted). Like a district court, a bankruptcy court may certify an order disposing of fewer than all claims against all parties for immediate review pursuant to Bankruptcy Rule 7054, which incorporates Rule 54(b). *Id.* A final bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Donovan*, 532 F.3d 1134, 1136–37 (11th Cir. 2008). We have held that orders denying demands for a jury trial are interlocutory, as they do not dispose entirely of the underlying claims, but rather leave them pending for a

bench trial. *Howard v. Parisian, Inc.*, 807 F.2d 1560, 1566 (11th Cir. 1987). Accordingly, a district court may not certify an order denying a demand for jury trial, but not otherwise disposing of a claim or party, as final under Rule 54(b). *Id.*

Here, we conclude that we lack jurisdiction over Otoh's appeal for two reasons. First, his appeal of the district court's order affirming the denial of his jury demand is moot, as the bankruptcy court has since dismissed his adversarial complaint in full, and the time to appeal has long-since passed. Second, the order Otoh appeals is not a final order subject to appeal. The bankruptcy court only certified as final under Bankruptcy Rule 7054 its denial of Otoh's jury demand— the subject of the present appeal.[2] The denial of his jury demand, standing alone, was not a final order, and no exceptions to the finality rule apply under these circumstances.[3] Therefore, we lack jurisdiction to consider Otoh's appeal, and we dismiss it accordingly.

**DISMISSED.**

---

[2] While the bankruptcy court's separate order disposing of Otoh's preliminary injunction request did dispose of a discrete claim, Otoh did not appeal that order to the district court.

[3] We have recognized three exceptions to the finality rule, but they do not apply here. A denial of a jury demand does not fall within the scope of the collateral order doctrine, *Howard*, 807 F.2d at 1566, the doctrine of practical finality applies in cases involving property contests, *In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726, and the doctrine of marginal finality "has been given a narrow construction" that is inapplicable here, *see Devine v. Indian River Cty. School Bd.*, 121 F.3d 576, 579 n.8 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v Parma City Sch. Dist.*, 550 U.S. 516 (2007).