[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10764

Non-Argument Calendar

_____

In Re: WANDA DENISE TROTMAN,

Debtor.

_____

WANDA DENISE TROTMAN,

Plaintiff-Appellant,

*versus*

MELISSA W. MITCHELL,

Defendant-Appellee.

2                           Opinion of the Court                      25-10764

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:24-cv-01587-RDP

————————————————

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Wanda Trotman, proceeding *pro se*, filed a Chapter 7 petition for bankruptcy. The bankruptcy court dismissed Trotman's petition for failure to comply with the filing fee requirements, and she appealed to the district court. The district court vacated the bankruptcy court's dismissal order and remanded for reinstatement of the proceedings. Trotman then filed motions seeking reconsideration, recusal of the district judge, and judicial notice of the law regarding recusal, all of which the district court denied. On appeal, Trotman challenges all the district court's orders.

We lack jurisdiction over Trotman's appeal because those orders are not final and appealable, as they did not end the litigation on the merits. *See* 28 U.S.C. §§ 1291 (providing that appellate jurisdiction is generally limited to "final decisions of the district courts"), 158(d)(1) (applying the final judgment rule to bankruptcy proceedings); *In re Celotex Corp.*, 700 F.3d 1262, 1265-66 (11th Cir. 2012) (holding that both the bankruptcy court's order and the district court's order must be final or otherwise appealable for us to

25-10764                Opinion of the Court                3

have jurisdiction); *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 726 (providing that a final decision ends the litigation on the merits and leaves nothing for the court to do but execute its judgment). A district court order remanding the case to the bankruptcy court is not a final decision unless it requires the bankruptcy court to only perform a ministerial duty. *In re Dixie Broad., Inc.*, 871 F.2d 1023, 1028 (11th Cir. 1989). The district court's order here remanded for reinstatement of the full proceedings on Trotman's Chapter 7 bankruptcy petition, which is now pending in the bankruptcy court for review.

Moreover, there is no indication that the district court's interlocutory orders cannot be effectively reviewed after a final judgment is rendered. *See In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726 (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is effectively unreviewable on appeal from a final judgment); *see also Steering Comm. v. Mead Corp. (In re Corrugated Container Antitrust Litig.)*, 614 F.2d 958, 960-61 (5th Cir. 1980) (holding that an order denying recusal of a judge is not immediately appealable under the collateral order doctrine). Accordingly, we lack jurisdiction to review any of the orders.

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.