[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 10-13641

———————————————

D.C. Docket No. 8:09-cv-02444-EAK

In re: THE CELOTEX CORPORATION,
The Asbestos Settlement Trust,

Debtor.

———————————————————————————

MICHIGAN STATE UNIVERSITY,
PRINCE GEORGES' COMMUNITY COLLEGE,
ROCHESTER INSTITUTE OF TECHNOLOGY,
UNIVERSITY OF CINCINNATI,
FAIRFIELD UNIVERSITY,
CLAREMONT MCKENNA COLLEGE,

Plaintiffs - Appellants,

versus

ASBESTOS SETTLEMENT TRUST,

Defendant - Appellee.

———————————————

Appeal from the United States District Court
for the Middle District of Florida

———————————————



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV - 6 2012

JOHN LEY
CLERK

Before BARKETT and JORDAN, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

This appeal arises out of a bankruptcy court proceeding involving the Asbestos Settlement Trust ("Trust"), which was created in bankruptcy court in 1996 to pay asbestos mass tort claims for both bodily injury and property damage against Celotex Corporation and Carey Canada, Inc. Several educational institutions, including Michigan State University, Prince George's College, Rochester Institute of Technology, The University of Cincinnati, Fairfield University, and Claremont McKenna College (collectively, the "Colleges") filed property damage claims against the Trust. The claims of the Colleges were denied by the Trust on the grounds that they did not satisfy the legal prerequisites for payment. The Colleges objected and the Trust sought the bankruptcy court's review, filing for declaratory relief in an adversary proceeding. Several years later and based on this Court's decision in a related proceeding, Asbestos Settlement Trust v. City of New York (In re Celotex Corp.), 487 F.3d 1320 (11th Cir 2007), the Trust reversed course and agreed to pay the Colleges under a formula used in In re Celotex Corp.

Having paid the claims, the Trust moved to dismiss the declaratory relief adversary proceeding in the bankruptcy court. The Colleges, however, objected to

_____

* Honorable James Randal Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

2

the dismissal, claiming that the payment was insufficient because it did not include interest at the federal judgment rate or damages for the breach of fiduciary duty they asserted when their initial claim was denied. The bankruptcy court held that the plan governing the Trust did not provide for interest and dismissed the declaratory judgment adversary proceeding, but without prejudice to the Colleges' right to pursue their damages claim in a new bankruptcy court proceeding.[1]

The Colleges then filed a motion for leave to sue the Trust for damages in a different forum than the bankruptcy court; one that would permit them to try their claim for damages before a jury. The bankruptcy court denied the motion holding that it had exclusive jurisdiction, pursuant to 11 U.S.C. § 524(g) and the terms of the Joint Plan of Reorganization, over the breach of fiduciary duty and other related claims against the Trust.[2] The Colleges appealed the bankruptcy court's jurisdictional ruling to the district court, which construed the Colleges' notice of appeal as a motion for leave to appeal from an interlocutory bankruptcy court

---

[1] The Colleges appealed the ruling on the interest rate payment claim but the bankruptcy court's dismissal was affirmed by the district court, see Claremont McKenna College v. Asbestos Settlement Trust (In re Celotex Corp.), No. 08–2343 (M.D. Fla. March 18, 2009), and this Court, see Claremont McKenna College v. Asbestos Settlement Trust (In re Celotex Corp.), 613 F.3d 1318 (11th Cir. 2010).

[2] Out of caution, the Colleges, with Southern Wesleyan University acting in the capacity as the Colleges' purported class representative, thereafter filed a separate adversary proceeding in the bankruptcy court raising their breach of fiduciary duty claim. The bankruptcy court dismissed that adversary proceeding, concluding that SWU did not have standing to bring the claim as the Colleges' class representative, which ruling the district court affirmed. SWU appealed the district court's order to our Court, which we have addressed in a separate opinion in the related appeal, Southern Wesleyan University v. Asbestos Settlement Trust, No. 11-13737.

order, pursuant to 28 U.S.C. § 158(a)(3). The district court denied the Colleges' motion to appeal, concluding that the bankruptcy court's jurisdiction order did not meet the statutory conditions necessary for the court to exercise its discretion to grant the appeal of the non-final, interlocutory order, and dismissed the appeal.[3] The Colleges now appeal from the district court's dismissal of their appeal from the bankruptcy court's jurisdiction order.

"Although a district court, at its discretion, may review interlocutory judgments and orders of a bankruptcy court, see 28 U.S.C. § 158(a), a court of appeals has jurisdiction over only final judgments and orders entered by a district court or a bankruptcy appellate panel sitting in review of a bankruptcy court, see § 158(d)." In re F.D.R. Hickory House, Inc., 60 F.3d 724, 725 (11th Cir. 1995) (emphasis added). See also In re Donovan, 532 F.3d 1134, 1136 (11th Cir. 2008) (same); In re TCL Investors, 775 F.2d 1516, 1519 (11th Cir. 1985) (same); cf. Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1547 (11th Cir. 1996) (stating that § 158(d) "grants [the circuit court] jurisdiction of appeals only where the district court exercised appellate jurisdiction from a decision by a bankruptcy judge."). Neither of the parties' briefs directly address whether, pursuant to 28 U.S.C. § 158(d), we

---

[3] District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges. See 28 U.S.C. § 158(a).

have jurisdiction to consider the Colleges' appeal of the district court's order.[4]

Nonetheless, because "we are obligated to consider jurisdiction even if it means raising the issue sua sponte," we must determine whether the district court's order is final or meets one of this circuit's exceptions to the final judgment rule. See In re Donovan, 532 F.3d at 1136; see also In re F.D.R. Hickory House, Inc., 60 F.3d at 725.

A final judgment or order is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." See Catlin v. United States, 324 U.S. 229, 233 (1945); see also In re TCL Investors, 775 F.2d at 1519 (applying Caitlin's finality rule in the bankruptcy appeals context). We have explained that "to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." In re Donovan, 532 F.3d at 1136–37 (internal quotation marks omitted).

Here, whether it is the district court's order denying the Colleges leave to appeal the bankruptcy court's interlocutory order or it is the bankruptcy court's jurisdiction order under consideration, we cannot say that either of these orders are "final" for purposes of our jurisdiction under 28 U.S.C. § 158(d). The bankruptcy

---

[4] The Trust cites to In re Charter Co., 778 F.2d 617, 620 (11th Cir. 1985), for the proposition that the appeals court reviews for an abuse of discretion, the district court's denial of a motion for leave to file an interlocutory appeal. Although the Court in In re Charter Co., did apply an abuse of discretion standard, the Court never addressed, as we do here, the preliminary jurisdictional question of whether a district court's discretionary denial of a motion for leave to appeal an interlocutory bankruptcy court order is a "final judgment or order" pursuant to 28 U.S.C. 158(d).

5

court's ruling that it has exclusive jurisdiction to adjudicate the Colleges' breach of fiduciary duty and other related claims for damages certainly does not resolve the litigation on the Colleges' claim. It merely identifies the forum in which the claim will be heard. Likewise, the district court's order, which concluded that the bankruptcy's jurisdiction order was interlocutory and did not satisfy the standards necessary for the court to exercise its discretion to grant the appeal, does not resolve the merits of the Colleges' claim against the Trust. See In re Kassover, 343 F.3d 91, 94-95 (2d Cir. 2003) (explaining that a circuit court lacks jurisdiction to review a district court's denial of leave to appeal under 28 U.S.C. § 158(a)(3)). Instead, the district court merely remanded the matter to the bankruptcy court for further proceedings where the Colleges could pursue their damages claims against the Trust.[5]

Because neither the district court order nor the bankruptcy court order is a final judgment or order and because neither order falls within any of the exceptions to this circuit's final judgment rule, we lack jurisdiction to review these orders. Accordingly, this appeal is DISMISSED.

---

[5] Michigan State argues that the bankruptcy court's order regarding its exclusive jurisdiction over the breach of fiduciary duty claim is not an interlocutory order but rather is a decision that meets the exception to the final judgment rule of 28 U.S.C. § 1291 as enunciated by the Supreme Court in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). We do not agree that the bankruptcy court's order, which merely required the parties to resolve their dispute in the bankruptcy court rather than some other forum, "fall[s] in that small class" of decisions which determine rights that are separate from the merits of the case and that are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen, 337 U.S. at 546.

6