[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12065
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-24020-KMW; 15-bkc-28640-RAM

In re: SARA GARCIA,

Debtor.

_____

SARA I. GARCIA,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 21, 2018)

Before MARCUS, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Plaintiff Sara Garcia, a Chapter 13 debtor proceeding *pro se*, appeals the district court's dismissal of her appeal from several orders entered in the underlying bankruptcy case. The facts are known to the parties; we need not repeat them here. On appeal to us, Garcia challenges orders from the district court (while acting in its appellate capacity over the bankruptcy court) that collectively (1) declined to exercise jurisdiction over two of the bankruptcy court's non-final rulings and (2) dismissed part of Garcia's appeal—pertaining to Defendant Bank of America's alleged automatic-stay violation—for lack of prosecution.

The district court's decision not to exercise jurisdiction over the bankruptcy court's non-final orders was itself a non-final order, and we thus lack jurisdiction to review it. Additionally, Garcia has failed to preserve her claims related to the automatic-stay violation.

## I

"We review jurisdictional issues *de novo*." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008). "Although a district court, at its discretion, may review interlocutory judgments and orders of a bankruptcy court . . . a court of appeals has jurisdiction over only final judgments and orders entered by a district court or a bankruptcy appellate panel sitting in review of a bankruptcy court." *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 725 (11th Cir. 1995); *see also* 28 U.S.C. § 158. "A final decision 'is one which ends the litigation on the merits and leaves nothing

for the court to do but execute the judgment.'" *In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726 (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).  A district court's denial of leave to appeal a bankruptcy court's interlocutory order under 28 U.S.C. § 158(a)(3) "does not resolve the merits" of the underlying claim, and we therefore lack jurisdiction to review it.  *In re Celotex Corp.*, 700 F.3d 1262, 1265-66 (11th Cir. 2012); *see also In re Kassover*, 343 F.3d 91, 94-95 (2d Cir. 2003) (holding that a circuit court lacks jurisdiction to review a district court's denial of leave to appeal under 28 U.S.C. § 158(a)(3)).

"Finality is given a more flexible interpretation in the bankruptcy context . . . because bankruptcy is an aggregation of controversies and suits," but this increased flexibility "does not render appealable an order which does not finally dispose of a claim or adversary proceeding." *In re Donovan*, 532 F.3d at 1136.  In particular, we have held that "[a] dismissal order [is] not 'final'" where the parties contemplate the opportunity to refile their action, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1093-95 (11th Cir. 1996), and, similarly, that "[a] dismissal itself does not automatically terminate [an] action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action," *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 724 F.2d 1552, 1554 (11th Cir. 1984).

3

Here, we lack jurisdiction to review the district court's decision not to exercise jurisdiction over Garcia's interlocutory appeal from the bankruptcy court. As in *Celotex*, "whether it is the district court's order denying the [plaintiffs'] leave to appeal the bankruptcy court's interlocutory order or it is the bankruptcy court's jurisdiction order under consideration, we cannot say that either of these orders are 'final' for purposes of our jurisdiction under 28 U.S.C. § 158(d)."  700 F.3d at 1265.  The record below clearly indicates that both the parties and the bankruptcy court contemplated that Garcia would refile her dismissed objections in an adversary proceeding.  The bankruptcy court's dismissal specifically "permit[ted] Garcia to assert *any* claims" in the contemplated adversary proceeding.[1]

Similar to *Hickory House*, the two interlocutory orders here expressly preserved Garcia's opportunity to litigate her case, 60 F.3d at 726, and, as in *Grayson*, the bankruptcy court's dismissal presumed that Garcia would refile her claims, 79 F.3d at 1093-95.  Neither of the bankruptcy court's orders finally disposed of Garcia's claims, and thus the orders were not final even considering the "increased flexibility" that we apply to bankruptcy proceedings.  *In re Donovan*, 532 F.3d at 1136.  Because the district court's decision not to exercise its jurisdiction over the bankruptcy court's orders was itself non-final, we lack

---

[1] Indeed, court records indicate that Garcia has in fact filed her adversary complaint in the bankruptcy court.  As of this writing, the adversary case is proceeding on Garcia's second amended complaint.

jurisdiction to review the district court's order. *In re Celotex Corp.*, 700 F.3d at 1265-66. We therefore dismiss Garcia's appellate challenges to these orders.

## II

"[W]e apply a less deferential 'abuse of discretion' standard when reviewing civil contempt for an automatic stay violation than we generally would in other contexts." *Jove Eng'g, Inc. v. I.R.S.*, 92 F.3d 1539, 1546 (11th Cir. 1996). Nevertheless, "it must be noted that even if meritorious, [a party's] failure to press [an] argument before the district court foreclose[s] its right to present it on appeal." *First Alabama Bank of Montgomery, N.A. v. First State Ins. Co.*, 899 F.2d 1045, 1060 n.8 (11th Cir. 1990); *see also In re Builders Transp., Inc.*, 471 F.3d 1178, 1192 (11th Cir. 2006) (citing approvingly Tenth Circuit case "declining to consider bankruptcy issues that were not raised in an appeal to the district court"). We may deviate from this standard "if [the issue not raised below] involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *In re Lett*, 632 F.3d 1216, 1227 (11th Cir. 2011) (quoting *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 990 (11th Cir.1982)).

Moreover, and separately, "[w]hile we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). A party fails to adequately "brief" an issue—and thus abandons it—

when the party "does not plainly and prominently raise it," "makes only passing references to it," or "raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

Here, Garcia not only failed to preserve her automatic-stay claims below, but she has also abandoned these claims on appeal. Garcia failed to meet the district court's reasonable and unambiguous one-month deadline to brief the issue, and never sought an extension of time. The district court therefore rightly dismissed the appeal for want of prosecution. But beyond failing to prosecute (and, in turn, to preserve) her automatic-stay argument, Garcia has also failed to challenge on appeal the district court's decision to dismiss the claims, and has therefore abandoned the issue in this Court. *See Sapuppo*, 739 F.3d 681. Because Garcia has abandoned the only claims over which we have jurisdiction, and because her unpreserved challenges involve neither "pure questions of law" nor a potential "miscarriage of justice," we decline to review them. *In re Lett*, 632 F.3d at 1227.

### III

Accordingly, we **DISMISS** Garcia's challenges to the bankruptcy court's non-final rulings and **AFFIRM** the district court's dismissal of Garcia's appeal of the bankruptcy court's automatic-stay rulings.