[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12869

Non-Argument Calendar

_____

In Re: BENJAMIN HARRIS YORMAK,

Debtor.

_____

STEVEN ROBERT YORMAK,

Plaintiff-Appellant,

*versus*

BENJAMIN HARRIS YORMAK,

Defendant-Appellee.

_____

2                    Opinion of the Court                    23-12869

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00450-JES,
Bkcy No. 2:15-bk-04241-FMD

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Steven Yormak, an attorney proceeding *pro se*, appeals from the district court's August 16, 2023, order declining to exercise jurisdiction over and dismissing an appeal from an interlocutory bankruptcy court order.  The bankruptcy court order, also entered in 2023, denied a motion for an order that Benjamin Yormak be deposed a second time and a motion that earlier discovery orders, issued in 2018, be rescinded.

A jurisdictional question ("JQ") asked the parties to address the nature of our jurisdiction over this appeal.  Upon review of the parties' responses to the JQ and the record, we DISMISS this appeal for lack of jurisdiction.

The district court's order is not final and appealable because the bankruptcy court order was a discovery decision and left unresolved Steven Yormak's claim against Benjamin Yormak in the bankruptcy proceedings.  *See Mich. State Univ. v. Asbestos Settlement Tr. (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012); *Matter of Int'l Horizons, Inc.*, 689 F.2d 996, 1000-01 (11th Cir. 1982).  Nor is the district court order immediately appealable under the collateral

23-12869                Opinion of the Court                3

order doctrine, the practical finality doctrine, or the marginal finality doctrine.  *See Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 726-25 (11th Cir. 1995); *Growth Realty Cos. v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1982); *Gillespie v. U.S. Steel Corp.*, 379 U.S. 148, 152-54 (1964); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978), *superseded by rule on other grounds as stated in Microsoft Corp. v. Baker*, 137 S. Ct. 1702 (2017).  Finally, the bankruptcy court's order, which the parties agree was not an explicit injunction, is not immediately appealable as an injunctive order.  The refusal to order Benjamin Yormak to sit for another deposition and to rescind discovery orders issued five years earlier did not have serious, perhaps irreparable consequence, and that ruling can be effectively challenged after the bankruptcy proceedings have concluded.  *See Positano Place at Naples I Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, 84 F.4th 1241, 1250-53 (11th Cir. 2023).