[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13172

Non-Argument Calendar

_____

In re: SEAWALK INVESTMENTS, LLC

Debtor.

_____

SKY ENTERPRISES, LLC,

Plaintiff-Appellant,

*versus*

SEAWALK INVESTMENTS, LLC,

Defendant-Appellee.

2                    Opinion of the Court                    23-13172

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-01148-TJC

_____

Before WILSON, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Sky Enterprises, LLC ("Sky") appeals from the district court's August 29, 2023 order, which affirmed several bankruptcy court rulings but remanded for further consideration of the amount of attorney's fees to which Sky is entitled as part of its secured claim. We asked the parties to address whether we have jurisdiction to review that order. Upon our review of the record and the response to our jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

We conclude that the pending attorney's fees issue is not collateral to the underlying bankruptcy dispute and is instead intertwined with the merits. The bankruptcy court did not award attorney's fees to Sky as a sanction; instead, Sky's entitlement to attorney's fees arises from the mortgage and promissory note that formed the basis of its secured claim. A change in the attorney's fees amount will thus affect the value of the claim, which was an essential merits issue resolved by the bankruptcy court.

Accordingly, the district court's August 29, 2023 order did not "[end] the litigation on the merits and [leave] nothing for the

23-13172          Opinion of the Court                    3

court to do but execute the judgment." *See Mich. State Univ. v. Asbestos Settlement Tr. (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012).  Nor did the order leave only a "ministerial duty collateral to the merits of the action" for the bankruptcy court to perform on remand.  *See Miscott Corp. v. Zaremba Walden Co. (In re Miscott Corp.)*, 848 F.2d 1190, 1193 (11th Cir. 1988).  We thus lack jurisdiction to consider this appeal.  *See* 28 U.S.C. § 158(d)(1).