[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11381

Non-Argument Calendar

_____

In re: DERRY B. GRIER,

                                                    Debtor.

_____

_____

DERRY B. GRIER,

                                                    Plaintiff-Appellant,

*versus*

U.S. BANK TRUST NATIONAL ASSOCIATION,
KARAN EDWARD SAFIR,
Chapter 13 Trustee,
BRANDY L. KIRKLAND,
MARIA A. TSAGARIS,

2                    Opinion of the Court                    24-11381

for U.S. Bank trust NA,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01122-MLB

_____

Before BRANCH, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Derry Grier, *pro se*, appeals from the district court's order dismissing her appeal from an order of the bankruptcy court for lack of jurisdiction. First, to the extent Grier seeks to appeal directly from the bankruptcy court's February 1, 2024 order dismissing her Chapter 13 petition, we lack jurisdiction because Grier has not appealed to the district court from that dismissal order. *See City Nat'l Bank of Miami v. Gen. Coffee Corp. (In re Gen. Coffee Corp.)*, 758 F.2d 1406, 1408-09 (11th Cir. 1985) (providing that orders of the bankruptcy court are generally not directly appealable to the court of appeals, because such orders must first be appealed to the district court).

Second, we also lack jurisdiction as to the bankruptcy court's February 23, 2023 order that Grier appealed to the district court. That order was not final because it did not resolve all issues related to a discrete claim but instead merely directed Grier to make two payments to the Chapter 13 trustee as part of ongoing proceedings. *See Barben v. Donovan (In re Donovan)*, 532 F.3d 1134, 1136 (11th Cir. 2008) (holding that a final bankruptcy court order must "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief"). And while the district court had discretion to review that interlocutory order, 28 U.S.C. § 158(a)(3), we cannot review its refusal to exercise that discretion because that, too, is not a final decision. Both the bankruptcy court's order and the district court's order must be final for us to have jurisdiction, and that requirement is not met here. *See Mich. State Univ. v. Asbestos Settlement Tr. (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012). We thus lack jurisdiction over the bankruptcy court's interlocutory order and the district court's order dismissing Grier's appeal from that order. *See id.* ("[W]hether it is the district court's order denying . . . leave to appeal the bankruptcy court's interlocutory order or it is the bankruptcy court's [] order under consideration, we cannot say that either of these orders are 'final' for purposes of our jurisdiction . . . .").

All pending motions are DENIED as moot. No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.