[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-10173

Non-Argument Calendar

————————————————

In Re: AEGIS ASSET MANAGEMENT, LLC,

Debtor.

_____

_____

MONIER RAHALL,

AEGIS ASSET TRUST,

ACM TRUST,

1816 E. WOOD LAND TRUST,

AEGIS 13TH AVE TRUST, et al.,

Plaintiffs-Appellants,

*versus*

JAMIE A. RAND,

JJJ FAMILY LLP,

a Florida Limited Partnership,

INXS VI, LLC,

INXS VII, LLC,

APPIANLAND TRUST,

U/T/D 4/1/21, Daniel Feinman, Esquire as Trustee, et al.,

                                                    Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-02515-KKM

————————————————

Before ROSENBAUM, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

The appellants filed an adversary proceeding related to a Chapter 7 bankruptcy case. In their second amended complaint, the appellants asserted five counts, all of which concerned the bankruptcy trustee's alleged fraudulent sale of the appellants' properties. In an October 17, 2023 order, the bankruptcy court awarded judgment on the pleadings for the defendants on only Count I. In a January 3, 2025, order, the district court affirmed that ruling. The appellants now appeal the district court's order.

A jurisdictional question asked the parties to address whether we have jurisdiction over this appeal. Upon our review of the record and the parties' responses, we conclude that we lack jurisdiction.

The bankruptcy court's October 17 order was not final, because it did not resolve Counts II through V of the second amended complaint or the defendants' counterclaim. *See* 28 U.S.C. §§ 158(a), 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (holding that an order that disposes of fewer than all claims against all parties to an action is not final or immediately appealable); *Mich. State Univ. v. Asbestos Settlement Tr. (In re Celotex Corp.)*, 700 F.3d 1262, 1265 (11th Cir. 2012) (holding that we lack jurisdiction to consider appeals from a district court's review of interlocutory bankruptcy decisions, and noting that a final decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). The bankruptcy court's scheduling of hearings on the defendants' motion for summary judgment as to Counts II through V confirms that the October 17 order was not final. *See Freyre v. Chronister*, 910 F.3d 1371, 1377 (11th Cir. 2018) (holding that an order that "contemplates further substantive proceedings in a case is not final and appealable").

The October 17 order is also not appealable under the collateral order doctrine, because Count I of the second amended complaint was not "separate and independent from" Counts II through V and the counterclaim. *See Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House, Inc.)*, 60 F.3d 724, 726 (11th Cir. 1995)

(holding that interlocutory bankruptcy orders may be appealable under the collateral order doctrine if, *inter alia*, the order finally determines a claim "separate and independent from other claims in the action"). All five counts concerned the appellants' loss of the properties at issue and their desire to regain the properties.

Lastly, the October 17 order is not appealable under the limited doctrines of practical finality or marginal finality, because those doctrines apply to narrow and specific sets of circumstances that are not present here. *See Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 991-92 (11th Cir. 2022) (holding that the doctrine of practical finality allows for an immediate appeal of an order that decides the right to property in contest and directs the immediate transfer of property or money); *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 153-54 (1964) (holding that a court may have jurisdiction to review an "obviously marginal case" when the ruling is "fundamental to the further conduct of the case"); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978) (limiting the finality recognized in *Gillespie* to the unique facts of that case, which involved "a marginally final order" striking references to state law from the plaintiff's complaint based on a finding that the federal Jones Act supplied the exclusive remedy under the circumstances), *superseded by rule on other grounds as stated in Microsoft Corp. v. Baker*, 582 U.S. 23 (2017).

Accordingly, because the bankruptcy court's October 17, 2023, order is not final or otherwise immediately appealable, this

25-10173                Opinion of the Court                               5

appeal is DISMISSED for lack of jurisdiction.  *See* 28 U.S.C. § 158(d)(1).  All pending motions are DENIED as moot.